---

### In re WEBB.

#### (District Court, N. D. New York. December 18, 1899.)

1. BANKRUPTCY—OPPOSITION TO DISCHARGE—FALSE OATH.
    Where a bankrupt, two years before the filing of his petition, transferred certain property to a creditor, to whom it had been pledged as security for a debt of equal or greater amount, his omission of such property from his schedule of assets does not make his verification of the schedule a "false oath in a proceeding in bankruptcy," such as to forfeit his right to a discharge.

2. SAME—PROPERTY TRANSFERRED BEFORE PASSAGE OF BANKRUPTCY LAW.
    A bankrupt's application for discharge cannot be refused on the ground of his having concealed property from his trustee, or sworn falsely to his schedule of assets from which such property was omitted, where it appears that he transferred or disposed of the property before the enactment of the bankruptcy law, although such transfer, if made after the passage of the law, would have been voidable as a preference, or as a fraudulent conveyance.

In Bankruptcy. On motion to confirm the report of the referee recommending a discharge and on exceptions to said report.

Isaac S. Signor, for bankrupt.
John T. Murray, for opposing creditor.

COXE, District Judge. The issues presented have been carefully examined by the referee. His report will be found in 2 Nat. Bankr. N. No. 1, p. 11. The bankrupt is charged with having made a false oath in verifying his schedules with certain property, which, it is alleged, he owned in Iowa, omitted. The referee finds that two years prior to the filing of the petition herein the bankrupt transferred this property to a creditor to whom it was pledged as security for a debt of equal or greater amount and that at the time the schedules were verified the bankrupt had no interest therein. This finding is sustained by the proof. The main accusation against the bankrupt is based upon the alleged fact that he was guilty of a fraudulent disposition of his property with intent to prefer creditors in the year 1896, two years before the passage of the bankruptcy act. It is also argued that in swearing to schedules with the property so transferred omitted he was guilty of taking a false oath. A bank-

rupt is entitled to a discharge unless he has committed one of the offenses punishable by imprisonment, as provided in section 29 of the act, or unless he has, with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account. Section 14. So far as this controversy is concerned the bankrupt is entitled to a discharge unless he has fraudulently concealed, while a bankrupt, from his trustee, property belonging to his estate, or made a false oath in regard to his property. These acts are made offenses by section 29. The property in question was taken upon judgments obtained by two creditors August 21, 1896. The bankrupt's title was extinguished by the sale and no one has ever attacked the transfer in a legal proceeding. It is difficult to perceive what interest the trustee in this matter has in this property. Even though it be conceded that the transfer, if made after July 1, 1898, was fraudulent, it certainly cannot be maintained that the bankrupt, by his conduct in 1896, committed an offense under a law passed two years afterwards. One cannot be convicted of a statutory crime for acts done before the statute creating the crime was passed. Under the act of 1867 the question was often presented and decided in favor of the proposition that no act of the bankrupt committed prior to the passage of the bankruptcy law could bar his discharge.

In Re Moore, Fed. Cas. No. 9,751, the court said:

"It must be remembered that this transaction took place in 1863, prior to the passage of the bankrupt act, and although I am well satisfied that the bankrupt at the time of his giving this mortgage was well aware of his insolvency and intended to secure and prefer the debt to Storer, and place his estate beyond the reach of his creditors, acts which are now prohibited by the bankrupt act and which would deprive him of his discharge, if committed subsequently to the passage of this act, yet it is quite clear that the bankrupt law cannot be made to have a retroactive effect and punish a party by refusing him a discharge for acts committed by him prior to the passage of the law. A fraudulent preference or transfer of the debtor's property, by the act, is made an offense for which the punishment prescribed by the act, is a failure to obtain his discharge. To thus punish a party the offense for which the punishment is invoked must have been committed since the passage of and in violation of the law then in force. * * * Neither a fraudulent conveyance made, nor a fraudulent preference given before the passage of the bankrupt act, is good ground upon which to oppose a discharge; and a specification alleging such a conveyance or preference should be stricken out on motion."

In addition to the authorities cited by the referee a number of cases bearing upon this question will be found in Re Lieber, reported in the same volume of the Bankruptcy News as the case at bar, at page 21. The subject is so fully treated in the report of the referee that further discussion is unnecessary. The report is confirmed and the discharge is granted.