## In re GOODALE et al.

(District Court, N. D. New York. June 20, 1901.)

1. BANKRUPTCY—DISCHARGE—OBJECTIONS.

The fact that a bankrupt is a nonresident of the district does not affect his right to a discharge.

2. SAME.

The fact that a bankrupt transferred property to his wife years before the passage of Bankr. Act 1898, and that he failed to schedule such property, constitutes no ground for refusing him a discharge, when it does not appear that the wife holds the property in secret trust for his benefit.

3. SAME—SUFFICIENCY OF OBJECTIONS.

Where it is specified as an objection to the discharge of a bankrupt that he has committed the crime of perjury in his testimony before the referee, the objection must set out the testimony alleged to be false, together with the facts relied on to prove its falsity, so as to present a specific issue.

In Bankruptcy. On motion to confirm the report of the referee recommending a discharge.

E. C. Everest, for bankrupts.

S. L. Wheeler, for opposing creditor.

COXE, District Judge. I agree with the referee that no sufficient ground for refusing the discharge has been shown even assuming that the objections are properly laid under sections 14 and 29 of the bankruptcy act. I have, however, considered the case as if the objections as originally filed contained the amendments now asked for. The objection that William B. Goodale "is a nonresident of the state of New York" is not germane to any issue now before the court. Even if the allegation were that he was not domiciled within this district for six months prior to filing the petition it could not be considered in this proceeding. In re Clisdell (D. C.) 101 Fed. 246.

The objection that George W. Goodale "allowed his wife to leave on the day of the first examination" and has concealed her whereabouts so that it has been impossible to examine her in the bankruptcy proceedings is equally irrelevant. A bankrupt's wife is not "property belonging to his estate in bankruptcy."

The other grounds of objection relate to transfers made by the bankrupt to his wife in 1863 and 1875 respectively. The first of these was made directly to the wife and the second was made to her through a third party. There is no evidence of fraud in these transactions, and if fraud existed the objecting creditor who obtained a judgment in 1878 was in a position to set them aside. The court has so often dealt with this situation that it is unnecessary to discuss it further. In re Fitchard (D. C.) 103 Fed. 742; In re Adams (D. C.) 104 Fed. 72; In re Webb (D. C.) 98 Fed. 404.

The objection intending to charge the bankrupt George W. Goodale with having made a false oath is, even as amended, too general and indefinite to present an issue. In substance it charges that he "has committed the crime of perjury in his testimony before the ref-

eree," and it asks that "the stenographer's minutes of said testimony be referred to for the details of such perjury." This is not enough. The testimony alleged to be false should be specifically pointed out, together with the facts which are relied upon to prove its falsity so that the bankrupt may be informed of the accusation against him. Assuming that this defect may be cured by a second amendment it is doubtful if there is sufficient in the testimony of which to predicate a false oath. I have examined the testimony and fail to find proof of perjury. There is no false oath upon any material point. The report of the referee is confirmed, but I deem it proper to say that the doctrine of In re Marx, 4 Am. Bankr. R. 521, 102 Fed. 676, has not been followed in this district. Discharge granted.