## In re NATHANSON.

(District Court, E. D. New York. June 7, 1907.)

1. BANKRUPTCY—DISCHARGE—SPECIFICATIONS OF OBJECTION—PETITION.

An objection to a bankrupt's discharge, reciting that objector "being interested as a creditor in the estate of [the bankrupt], does hereby oppose," etc., sufficiently shows that petitioner is "a party interested" in the bankrupt's estate, within Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], providing that a discharge may be opposed by "parties in interest."

**2. SAME—RIGHT TO OPPOSE—DISCHARGEABLE CLAIM—OWNERSHIP.**

A creditor of a bankrupt having a claim dischargeable in bankruptcy and provable in the pending proceeding may oppose the bankrupt's discharge, though the claim is not proved.

**3. SAME—SPECIFICATIONS—OBJECTIONS—REMEDY OF BANKRUPT.**

If a creditor of a bankrupt opposing his discharge has a debt not provable or which the discharge would not affect, the bankrupt's remedy is by a motion to expunge the claim or strike out the specifications, rather than by an objection to the form thereof.

**4. SAME—VERIFICATION.**

Verification of specifications of objection to a bankrupt's discharge before a duly commissioned notary public, affirming that the matters alleged are true to deponent's knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters the deponent believes the statement to be true, no matters having been stated on information and belief, is not fatally defective, but is sufficient to entitle the creditor to amend the same so as to conform to the form of verification prescribed by Supreme Court form 3.

**5. SAME—BOOKS AND RECORDS—CONCEALMENT.**

A specification of objection to a bankrupt's discharge, alleging that he had wrongfully, fraudulently, willfully, and with intent to conceal his true financial condition, and in contemplation of bankruptcy, concealed his books of account or records from which his true financial condition might have been ascertained, was sufficient.

**6. SAME—FALSE OATH.**

A specification of objection to a bankrupt's discharge that he willfully, etc., made a false oath in his examination before the referee, wherein he testified that he last saw his books on the desk when he left his place of business, and that they consisted of one book, well knowing the same to be untrue, was objectionable for indefiniteness as to whether the falsehood related to the existence of books, or to the witness' statement as to when or where he last saw them, or that they consisted of one book, unless the creditor intended to charge that there were, in fact, no books, and, if so, that should be made plain.

**7. SAME.**

Specifications of objection to a bankrupt's discharge that he falsely testified before the referee that he did not keep a ledger and an expense book were objectionable for failure to specify that he did keep a ledger and an expense book, if those were the issues sought to be raised.

**8. SAME.**

A specification of objection to a bankrupt's discharge, alleging that he willfully, etc., falsely testified before the referee, "I did not keep books, I kept a book," well knowing the answer to be false and untrue, was objectionable for failure to state that the bankrupt did not keep even 'a single book, if that was the particular in which the testimony was alleged to be untrue.

**9. SAME—AMENDMENT.**

Where specifications of objection to a bankrupt's discharge, alleging perjury by the bankrupt in his examination before the referee, were not sufficiently definite, they would not be wholly disregarded for such defect, but the creditor would be given an opportunity to cure the defect by amendment.

On motion to confirm the report of a special commissioner overruling amended specifications to a bankrupt's discharge. Denied.

The following are the amended specifications:

Hyman Ensler, being interested as a creditor in the estate of Jacob Nathanson, a bankrupt, does hereby oppose the granting to the said Jacob Na-

thanson of the discharge from his debts and for the grounds of such opposition does hereby file the proposed following amended specifications:

(1) That between the 1st days of July and November, 1905, the said Jacob Nathanson wrongfully, fraudulently, willfully, and knowingly concealed in contemplation of bankruptcy and in defraud of his creditors property belonging to his creditors and estate in bankruptcy, to wit, the sum of ten thousand ($10,000) dollars, which said bankrupt has reserved and retained for himself, being moneys withdrawn from his business.

(2) That the said Jacob Nathanson, bankrupt above named, wrongfully, fraudulently, willfully, and knowingly, and with intent to conceal the true financial condition and in contemplation of bankruptcy, has concealed his books of account or records from which his true financial condition might be ascertained.

(3) That the said Jacob Nathanson, the bankrupt above named, wrongfully, fraudulently, willfully, and knowingly made a false oath in his examination before Referee Robert F. Tilney on the 1st day of May, 1904, when he testified as follows (quoting from the minutes of creditors' meeting, page 27):

"Q. When did you last see your books?

"A. In November, when I went away from the place of business.

"Q. Where did you see them in your place of business?

"A. Where have I seen them?

"Q. Yes.

"A. I had them on the desk.

"Q. What did they consist of?

"A. One book."

—well knowing at the time that the aforesaid answers to the aforesaid questions were false and untrue.

(4) That the said Jacob Nathanson, the above named bankrupt, wrongfully, fraudulently, willfully, and knowingly made a false oath in his examination before Referee Robert F. Tilney on the 19th day of April, 1906, when he testified as follows (quoting from minutes of creditors' meeting, page 10):

"Q. What books did you keep, if any? Did you keep a ledger?

"A. No, sir."

—well knowing at the time that the aforesaid answer to the aforesaid question was false and untrue.

(5) That the said Jacob Nathanson, the above named bankrupt, wrongfully, fraudulently, willfully, and knowingly made a false oath in his examination before Referee Robert F. Tilney on the 19th day of April, 1906, when he testified as follows (quoting from minutes of creditors' meeting, page 10):

"Q. Did you keep a book for expenses?

"A. I did not; no, sir."

—well knowing at the time that the aforesaid answer to the aforesaid question was false and untrue.

(6) That the said Jacob Nathanson, the above named bankrupt, wrongfully, fraudulently, willfully, and knowingly made a false oath in his examination before Referee Robert F. Tilney, when he testified as follows (quoting from minutes of creditors' meeting, page 11):

"Q. What books did you keep?

"A. I did not keep books. I kept a book."

—well knowing at the time that the aforesaid answer to the aforesaid question was false and untrue.

Wherefore, said Hyman Ensler prays that the application of said bankrupt herein be denied.

Dated, New York, February 23d, 1907.

Hyman Ensler, Objecting Creditor.

Joseph S. Rosalsky,
    Attorney for Objecting Creditor,
        346 Broadway, New York City.

United States of America, Eastern District of New York, County of Kings—ss:

Hyman Ensler, being duly sworn, deposes and says that he is the creditor above named; that he has read the foregoing proposed amended specifications, and that the same are true of his own knowledge, except as to the matters

therein stated to be alleged on information and belief and as to those matters he believes it to be true.                                        Hyman Ensler.
Sworn to before me this 23d day of February, 1907.
Charles Beebaring, Notary Public, N. Y. Co.
Certificate filed in Kings Co.

For former opinion, see 152 Fed. 585.

Slade & Slade, for bankrupt.

Joseph S. Rosalsky, for objecting creditor.

CHATFIELD, District Judge. One of the petitioning creditors, Hyman Ensler, filed specifications in opposition to the bankrupt's application for discharge upon the 17th day of December, 1906, consisting of six allegations upon information and belief, and a seventh allegation, which charged directly that the bankrupt had made a false oath in relation to certain books of account or records, from which his true financial condition might be ascertained. These specifications were verified according to the form of verification provided by the laws of the state of New York for a complaint in an action in the state court. Subsequently, by leave of this court (see In re Nathanson [D. C.] 152 Fed. 585), the petitioning creditor was allowed to file amended specifications, and these amended specifications contain six allegations, of which none is stated to be alleged upon information and belief. The verification of the amended specifications was in the same form as the verification of the original specifications, and is as follows:

"United States of America, Eastern District of New York, County of Kings—ss:

"Hyman Ensler, being duly sworn, deposes and says that he is the creditor above named, that he has read the foregoing proposed amended specifications, and that the same are true of his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters he believes it to be true.                    Hyman Ensler.

"Sworn to before me this 23d day of February, 1907.
"Charles Beebaring, Notary Public, N. Y. Co.
"Certificate filed in Kings Co."

The bankrupt made a motion before the special commissioner to whom the objections had been referred to dismiss these amended specifications. The special commissioner reports that the motion should be granted.

The first ground of objection which is sustained by the special commissioner is that the objecting creditor has not shown that he has complied with form 58, as prescribed by the Supreme Court. The amended specifications contain the following:

"Hyman Ensler, being interested as a creditor in the estate of Jacob Nathanson, a bankrupt, does hereby oppose," etc.

Section 14b, Bankr. Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], provides that a discharge may be opposed by "parties in interest." Section 30 of the act conferred upon the Supreme Court the power to prescribe all necessary rules, forms and orders. Under this power form 58 was promulgated, as follows:

"——, of ——, in the county of —— and state of ——, a party interested in the estate of said bankrupt, do hereby oppose," etc.

And this form must be complied with by a creditor desiring to oppose an application for a discharge.

The special commissioner, relying upon the cases of In re Chandler, 138 Fed. 637, 71 C. C. A. 87, and In re Servis (D. C.) 140 Fed. 222, states in the report:

"That before any notice of proper and legal specifications can be taken by the special commissioner, it must appear (a) that he is a creditor whose claim has been allowed in these bankruptcy proceedings; (b) that his claim is of such a nature that should such a discharge be granted the same will affect his claim."

In the Chandler Case the petition was held defective, in that the specifications did not show that the creditor had a claim which existed at the time of the bankruptcy proceedings, or which was provable in the proceeding. In the Servis Case the claim was one which could not be discharged in bankruptcy. It would therefore seem that these two cases are not conclusive, and the premise, that the creditor must be one whose claim has been allowed in the bankruptcy proceedings, it would seem, is broader than the statute. The creditor who has not proved his claim cannot share in any distribution, but, if he has a claim dischargeable in bankruptcy, and provable in the pending proceeding, he may oppose the discharge. In re Kuffler, 153 Fed. 667; In re Ray, Fed. Cas. No. 11,589; In re Shepard, Fed. Cas. No. 12,753; In re Chandler, 138 Fed. 637, 71 C. C. A. 87; In re Walker (D. C.) 96 Fed. 550. It is difficult to see how the requirements of the statute, as above set forth, can be met by an allegation, "————, a party interested in the estate of said ————, bankrupt," if it is not met by the allegation, "Hyman Ensler being interested as a creditor in the estate of the said Jacob Nathanson, a bankrupt." The word "party" may mean "person," or "party to the proceeding." The record of the bankruptcy proceeding shows whether Hyman Ensler is a party to the proceeding, and the record can be used upon this motion for that or any material purpose. If he is a creditor having a debt which is not provable, or which the discharge in bankruptcy would not affect, that would seem to be a matter for an affirmative motion to expunge the claim, or to strike out the specifications, rather than to object to their form.

As to the second ground on which the special commissioner has decided that the specifications are insufficient, his action was based upon the decision in the Matter of Glass (D. C.) 119 Fed. 509, which holds that verification of specifications of objection should be in the form of a verification to a creditor's petition. No. 3, Supreme Court Forms. Form 58 does not provide for a verification, and no other form contains an analogous verification, except 129, which provides for the specifications of objections to a composition. The form of verification there prescribed is:

"I, ————, the objecting creditor mentioned and described in the foregoing specification of objection, do hereby make solemn oath that the statements of fact contained therein are true, according to the best of my knowledge, information, and belief."

The use of this form is approved by Collier in his work on Bankruptcy (4th Ed., p. 639), and this form is approved in the Matter of Milgraum and Ost (D. C.) 129 Fed. 827.

The verification used by the creditor in the present proceeding, while not following exactly the language of either of the forms above referred to, was taken before an officer competent to take the oath, viz., a notary public, duly appointed, and states that the matters alleged are true of deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to these matters the deponent believes the statements to be true. As a matter of fact, there are no statements upon information and belief, and this makes the verification one based upon a statement of actual knowledge, and is therefore, so far as its reliability is concerned, equivalent to the verification under form 3. While not approving the use of a state form, and thus causing confusion and variation in pleadings, it seems that the verification to the specifications herein was sufficient to overcome the objections, and that the creditors should be allowed to reverify the pleadings in the exact language provided by the Supreme Court form No. 3.

As to the third ground stated by the special commissioner, sustaining the objection to the second and subsequent amended specifications, it would seem that the case of E. H. Godshalk Co. v. Sterling, 129 Fed. 580, 64 C. C. A. 148, is controlling, and that specification 2 is sufficient.

As to the other specifications, the decision of Judge Coxe, in the Matter of Goodale (D. C.) 109 Fed. 783, that "the facts relied upon to prove falsity" should be stated, does not mean that evidence must be set forth. The situation is similar to that in preparing an indictment upon a charge of perjury, where it must be plainly set forth upon what true statement of facts the charge of falsehood is based. This would require a statement in specification 3, setting forth whether the falsehood related to the existence of books, or to the witness' statement that he last saw them in November, or that they were on his desk, or that they consisted of one book. The specifications are too indefinite, unless the creditor intends to charge that there were no books, and, if so, that should be alleged as the truth and facts of the situation.

As to specification 4, likewise, the creditor should specify that the bankrupt did keep a ledger, if that is the issue to be raised.

Specification 5. The creditor should likewise state that the bankrupt did keep a book of expense, if that is the fact upon which the charge of falsity is based.

Specification 6. The specification should state that the bankrupt kept not even one book, if that is the particular in which the testimony is alleged to be untrue.

The amended specifications, therefore, from 2 to 6, should be made more definite and certain before the bankrupt is called upon to answer them; but, inasmuch as allegations of perjury have always been the source of great confusion and argument, and inasmuch as attorneys can hardly be held to the knowledge of criminal pleading expected from the prosecuting officers of the government, it seems to the court that the creditors should be allowed to make their specifications definite by further amendment of paragraphs 3, 4, 5, and 6.

The motion to confirm the report of the special commissioner will therefore be denied, and an order may be entered allowing the creditor

to further amend his specifications in the manner indicated, and the amended specifications will thereupon be referred to the special commissioner for hearing.