In re KETTERER MFG. CO.

(District Court, M. D. Pennsylvania. November 5, 1907.)

No. 964.

BANKRUPTCY—AUCTION SALE BY TRUSTEE—VALIDITY.

An auction sale of property by a trustee in bankruptcy is not invalid because of a private arrangement between the attorney for the purchaser and the auctioneer that the bid of any other person should be raised $50 each time until a sign to stop was given.

In Bankruptcy. On exceptions to confirmation of sale. See 155 Fed. 987.

Sidney E. Smith and C. E. Ehrehart, for exceptions. C. J. Delone, opposed.

(District Court, M. D. Pennsylvania. November 7, 1907.)

No. 964.

1. BANKRUPTCY—EXCEPTIONS—VERIFICATION.

Exceptions to the account of a receiver in bankruptcy should be verified, but the omission of a verification is a defect which is amendable.

2. SAME—RECEIVER—ALLOWANCE OF ATTORNEY'S FEES.
   Attorney's fees for services rendered to a receiver in bankruptcy should be allowed from the estate only to the extent that the services were rendered for the direct benefit of the entire estate, and not of any particular creditor.

In Bankruptcy. On exceptions to account of receiver.

C. J. Delone, for exceptions.
Sidney E. Smith and C. E. Ehrehart, opposed.

ARCHBALD, District Judge. The exceptions should have been verified. In re Nathanson (D. C.) 155 Fed. 645. But, as stated at the argument, this was amendable, and, as the exceptions are in part justified, it is proper to allow it.

The only exceptions pressed, however, are those which go to the compensation of the receiver and his counsel, and after due consideration I am inclined to think that the amount claimed in each case is somewhat too high. Economy in the administration of estates is the policy of the present law, and is to be strictly enforced. The duties of the receiver have not been arduous, and they extended over only a few months. At the same time a competent man, having skill in the business, was requisite, and he was compelled to turn aside from his ordinary affairs to take the position and carry it through. All things considered, I will fix his compensation at $1,000.

As to the fees of counsel, no doubt there has been quite a little to do in one way and another. But part of it has been in the interest of the creditors whom they have represented, rather than the receiver or the estate. Only to the extent that they have acted directly in behalf of the estate, or it has been benefited by what they have done, are they entitled to be paid out of it. It seems to me that $1,500 will fully cover this, and that is the amount I will allow.

The exceptions to the compensation of the receiver and the allowance to counsel are sustained, and these items are reduced to $1,000 and $1,500, respectively. The other exceptions are dismissed, and the account, as so modified, is confirmed.