### In re CHANDLER.

(Circuit Court of Appeals, Seventh Circuit. April 11, 1905.)

BANKRUPTCY—PETITION FOR REVOCATION OF DISCHARGE—SUFFICIENCY.

An averment in a petition for revocation of the discharge of a bankrupt merely that petitioners are "creditors" of the bankrupt is insufficient to show that they are "parties in interest," entitled to object to the discharge or to file such petition under Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550, as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411]. The petition must show that they had provable debts which were affected by the discharge.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 709.]

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Illinois.

In Bankruptcy. Petition to review and revise in matter of law. See 135 Fed. 893.

On October 27, 1902, the bankrupt was discharged from his debts by the court below. On October 23, 1903, a petition was filed by William H. Rhodes, John Gray, and Edward G. Pauling to revoke the discharge upon certain grounds therein stated. The only allegation in the petition with respect to the character of the petitioners is "that they are creditors of Frank R. Chandler, who has heretofore been adjudicated a bankrupt." To the petition a demurrer was interposed, and sustained by the District Court, and the petition dismissed. The proceeding here is to review and revise that ruling of the District Court.

Frank H. Culver, for petitioners.
George Burry, for respondent.

Before JENKINS and BAKER, Circuit Judges, and HUMPHREY, District Judge.

HUMPHREY, District Judge. Section 14b of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 550, as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411], provides that objections to discharge of bankrupts may be made by "parties in interest." The averment in the petition that the objectors are creditors is not such a statement as shows to the court

that the petitioners are "parties in interest," within the meaning of the law. The petition does not make such a showing that the court can say that the rights of the petitioners were affected by the discharge. No facts are averred which would justify the legal conclusion that the petitioners are "parties in interest." It is not averred that they were creditors at the time of the bankruptcy. The character of their debt is not shown. It is not averred that their debt was provable in bankruptcy or was proved in the proceedings. The debt or debts they represent, from all that appears from the petition, may have been created since the discharge, or they may have become purchasers of the debts which were discharged, without right to attack the discharge. We are of opinion that the petition should have shown that the petitioners had at the time provable debts against the bankrupt, which were affected by the discharge of the bankrupt. Otherwise they are not "parties in interest," within the meaning of the statute.

A somewhat analogous case may be found in the statute for the removal of causes from the state to the federal court. The statute provided for the removal of a suit in which there shall be a controversy between citizens of different states, and it was ruled by the ultimate tribunal that, in order to confer jurisdiction upon the federal court, the petition filed in the state court must not only show that the parties at the time of filing the petition had a diverse citizenship, but that such diverse citizenship existed at the time of the commencement of the suit; that such objection to the jurisdiction is available at any stage of the cause, and might be raised by the party filing the faulty petition. So, here, it may well be that the petitioners are creditors of the bankrupt; but it may also well be that they were not creditors at the time of the discharge, and in no way entitled to contest that discharge. Allegations of such facts are necessary to a good petition, and their omission is fatal. This conclusion renders it unnecessary to consider the other questions arising upon the record and discussed at the bar.

The decree is affirmed.