## In re SERVIS.

(District Court, N. D. Iowa, C. D.    August 31, 1905.)

### No. 535.

1. BANKRUPTCY—DISCHARGE—SUFFICIENCY OF OBJECTIONS.

A specification of objections to a bankrupt's discharge should distinctly allege the particular grounds relied upon to defeat the discharge, so as to advise both the bankrupt and the court of the issue to be tried, and should also allege facts showing that the party filing the specification will be affected by the discharge, and is therefore interested in defeating the same.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 714.]

2. SAME—PARTY IN INTEREST.

A specification of objections to the discharge of a bankrupt, filed by one who has presented no claim against the estate, on the ground that the bankrupt obtained property from the objector on credit upon a materially false statement in writing made for the purpose of obtaining such credit, is wholly insufficient, where it is not verified and expressly alleges that the goods were obtained by the bankrupt upon false pretenses and by false representations, since in such case, under Bankr. Act July 1, 1898, c. 541, § 17a (2), 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1903, p. 411], the discharge would not release the bankrupt from liability therefor.

In Bankruptcy. On petition for discharge and objections thereto.

J. L. Kramer, for the bankrupt.
Geo. Wambach, opposed.

REED, District Judge. The bankrupt has filed an application for discharge, due notice of which has been given. No appearance

in opposition thereto was entered by any one, except that, within the time fixed for entering such appearance, the following specification of grounds of opposition to the discharge was filed, viz.:

"John V. Farwell Company, in the county of Cook and state of Illinois, a party interested in said estate of G. W. Servis, bankrupt, do hereby oppose the granting to him of a discharge from his debts, and for grounds of such opposition do file the following specifications:

"(1) That John V. Farwell Company sold goods to G. W. Servis and F. F. Brown, under a written statement signed by the said G. W. Servis, showing that there was cash on hand or at the bank of $1,000.00, and the said G. W. Servis, the bankrupt, was not indebted for merchandise past due, nor for merchandise not due, and was not indebted for borrowed money. That a statement of said statement upon which the said bankrupt obtained credit is hereto attached, marked 'Exhibit A' and made a part hereof. That the goods for which the said bankrupt is now indebted to said John V. Farwell Company were sold and delivered to said bankrupt upon the statement marked 'Exhibit A,' and in reliance upon the truthfulness of said statement. That in truth, when the same was made to said John V. Farwell Company, the said G. W. Servis was indebted for borrowed money in the sum of $1,000. That he was indebted for merchandise not due and for merchandise past due. That said statement was made for the purpose of obtaining credit, and made with the intention to deceive and defraud the said John V. Farwell Company. That the goods were obtained by false pretenses, and by reason of all of which the said bankrupt ought not to be discharged.

"Geo. Wambach,
"Creditors, by Their Attorney."

The statement, annexed to the specification as Exhibit A, so far as material, is as follows:

Name of Firm.
Servis & Brown, a co-partnership, of ——— above.

| Assets. | Amount. |
| --- | --- |
| * * * * * * * * * * * | |
| Cash in hand or in bank......... | $1,000 |
| * * * * * * * * * * * | |

| Liabilities. | |
| --- | --- |
| * * * * * * * * * * * | |
| For merchandise past due or not due......... | None |
| For borrowed money......... | None |
| * * * * * * * * * * * | |

[Signature]  Frank F. Brown.
Geo. W. Servis.

The John V. Farwell Company have not filed or proved any claim against the bankrupt estate. The specification fails to show when the goods were sold by that company to the bankrupt, and it does not allege in what way it is a party in interest, other than that it sold goods to the bankrupt at a time not stated. There is nothing to show in what way Mr. Wambach, who alone signs the specification as a creditor, is a party in interest. Nor is it alleged to whom the bankrupt was indebted for borrowed money or for merchandise not due or past due, or that Brown or the copartnership of Servis & Brown was indebted for merchandise or for borrowed money.

The bankruptcy act provides:

"Sec. 14 b. The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by parties in interest. * * * and discharge the applicant unless he has * * * (3) obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such credit. * * *"
Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended

by Act Feb. 5, 1903, c. 487, § 4. 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411].

"Sec. 17. A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as * * * (2) are liabilities for obtaining property by false pretenses or false representations." Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1903, p. 411].

"Sec. ·18. All pleadings setting up matters of fact shall be verified under oath." Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429].

The specification is not verified and the bankrupt has not excepted to it in any way, but insists, through his counsel, that the proofs are not sufficient to warrant a denial of the discharge. The question arises: Does the so-called specification above set forth present an issue that warrants the admission or consideration of any evidence in opposition to the discharge?

It is only parties in interest that may oppose a discharge. The specification wholly fails to show wherein the Farwell Company is interested in opposing this discharge. The specification should distinctly allege the particular grounds relied upon to defeat the discharge, so as to advise (1) the bankrupt of the grounds relied upon, in order that he may prepare to meet the same, and (2) the court of the issue to be tried, and should also allege facts showing that the party filing the specification will be affected by the discharge, and is therefore interested in defeating the same. The specification in question wholly fails in this respect, but expressly alleges that the goods were obtained from the Farwell Company upon false pretenses and by false representations. If this be true, the discharge will not release the bankrupt from the liability created thereby. Section 17 (2). The Farwell Company, therefore, upon the allegations of the specification, can have no interest in opposing the discharge. Mr. Wambach is the only person signing the specification, and this he does in his own behalf as a creditor; but the specification wholly fails to show that he is a creditor or a party interested in any way. It may be that he intended to sign as the attorney for the Farwell Company, though he has not done so. If he is in fact such attorney, then he could not have any interest other than the Farwell Company would have in opposing the discharge, and if that company is not a party in interest, he could not be.

The failure to allege in the specification to whom the bankrupt was indebted for borrowed money or for goods not due or past due, and to verify the same, are perhaps waived by the failure to except to the specifications upon these grounds; but where the specification fails to show that the party making the same is a party in interest and will be affected by the discharge, but affirmatively shows that he will not be, the court itself may take notice of this, though the specification is not excepted to, for opposition to a discharge will not be heard or determined at the instance of one who does not show in his specification that he is a party in interest, and therefore entitled to oppose the same. This specification is fatally defective in this respect, and presents no issue that should be considered or determined. See In re Brown, 112 Fed. 49, 50 C. C. A. 118; In re Chandler (C. C. A.) 138 Fed. 637.

The application for a discharge will be granted; and it is so ordered.