## In re LEWIS.

### (District Court, E. D. New York. April 24, 1908.)

**1. BANKRUPTCY—DISCHARGE—SUFFICIENCY OF OBJECTIONS.**

An objection to the discharge of a bankrupt, which charges in the language of the statute that he failed to keep books of account from which his financial condition might be ascertained, with intent to conceal such condition, is subject to objection as being indefinite, but may be accepted as sufficient where the bankrupt has testified that he kept no books of account.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 714.]

**2. SAME.**

An objection to the discharge of a bankrupt on the ground of his having obtained property by false pretenses is insufficient, under Bankr. Act, July 1, 1898, c. 541, § 14b, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1907, p. 1026), unless it charges that the false statements were made in writing.

In Bankruptcy. On demurrer to objections to discharge.

Louis Ehrenberg, for bankrupt.
Martin Byrne, for creditor.

CHATFIELD, District Judge. Objection to discharge is made upon two grounds:

First, that the bankrupt is engaged in business and rents a home, but has failed to keep books of account or records from which his true condition might be ascertained, "with intent to conceal his true financial condition and in contemplation of bankruptcy." This form of objection follows the language of the statute, and may be criticised, in that it is impossible to tell whether an utter failure to keep books is intended to be charged, or whether the books that were kept are insufficient to show the true condition of the bankrupt's property. Under ordinary circumstances the objecting creditor should make his objections more specific; but, as the record in the case shows the bankrupt to have testified that he kept no books of account, further amendment is unnecessary, and the objection will be held sufficient to be referred.

A second ground of objection is stated to be that the bankrupt has scheduled a debt contracted by him under such circumstances as to render him liable to arrest upon the charge of obtaining money by false statements of fact, within the prohibition of the statutes of the state of New York. This debt is within the provisions of section 17 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), and of such a character that a discharge in bankruptcy would not effect a release. The debt, however, is provable in this proceeding, and, inasmuch as the creditor has filed his claim, he is entitled to object to the discharge of the bankrupt, if his objections are sufficient under the statute. But the false statements alleged do not appear to have been made in writing, and the act charged is no offense against the provisions of section 29 of the

bankruptcy law. The second objection, therefore, is not within the provisions of section 14, specifying the grounds upon which a discharge shall be refused.

The issue raised by the charge that the bankrupt failed to keep books from which his financial condition could be ascertained, with intent to defraud his creditors, or in contemplation of bankruptcy, will be referred, upon the presentation of an order. The demurrer to the other ground of objection will be sustained.