appears that this court, in an opinion filed December 2, 1910 (183 Fed. 331, 24 Am. Bankr. Rep. 909), found that "the bankrupt willfully tried to cover up the fact that he had two insurance policies with the idea of getting the benefit of the policies." Upon this finding the court based its refusal of the exemption claimed by the bankrupt.

[1, 2] The same appears sufficient reason to deny the bankrupt his discharge, on attention being called to the record, of which the court will take notice. The fact that the bankrupt listed such property after his attempt to conceal the same, after the making of the false oath by him had been discovered, will not relieve him from the consequence of such act. The right to a discharge is forfeited, if the bankrupt knowingly conceals his property, or knowingly makes a false oath in the bankruptcy proceedings. In re Breiner (D. C.) 129 Fed. 155, 11 Am. Bankr. Rep. 689. The wrongful act, when once committed during the proceedings, may not be avoided, so as to restore the dishonest bankrupt to his former status, and enable him to reap the benefits, notwithstanding the attempt.

There are other exceptions to the discharge which might prove sufficient; but, in view of the conclusion reached, they will not be considered.

The petition for discharge must be denied, and it is so ordered.

---

### In re GARA.

(District Court, E. D. Pennsylvania.    October 3, 1911.)

No. 3,971.

BANKRUPTCY (§ 407*)—DISCHARGE—FRAUDULENT CREATION OF DEBT.

Bankr. Act July 1, 1898, c. 541, § 14. 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), providing the grounds on which a bankrupt's discharge may be denied, does not authorize such denial because of the existence of a debt fraudulently contracted from which the discharge is not a release, as provided by section 17.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.*]

In the matter of bankruptcy proceedings of Henry C. Gara. On motion to dismiss objections to bankrupt's discharge. Granted.

William H. Burnett, for bankrupt.
Alfred I. Phillips, for objecting creditor.

J. B. McPHERSON, District Judge. It may be that the debt due to the objecting creditor was created by the misconduct of the bankrupt while acting in a fiduciary capacity. Assuming this to be true, section 17 protects the debt from discharge, but the mere existence of such a debt does not prevent the bankrupt from receiving a discharge from his other provable obligations. The only obstacles to a discharge are described in section 14, and I do not find among them the creation of a debt by the bankrupt's fraud or other misconduct while acting in a fiduciary capacity. At the best, the pending specification charges such creation and nothing more, and this is plainly insufficient.

The motion to dismiss is granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes