## In re MAIN.

(District Court, N. D. Iowa, Cedar Rapids Division.  May 27, 1913.)

**1.** BANKRUPTCY (§ 413*)—DISCHARGE—SPECIFICATION OF OBJECTIONS.

Specification of objection to a bankrupt's discharge must clearly and unequivocally allege the requisite facts, as distinguished from legal conclusions, which are relied on to bar a discharge, that the objector is a party in interest, and if a creditor has a debt provable in bankruptcy which will be affected by the discharge; an averment in the language of the statute being insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727;  Dec. Dig. § 413.*]

**2.** BANKRUPTCY (§ 414*)—DISCHARGE—OBJECTIONS—BURDEN OF PROOF.

A burden is on the objector to a bankrupt's discharge to prove facts establishing one of the grounds specified for the denial of the discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 720–722; Dec. Dig. § 414.*]

**3.** BANKRUPTCY (§ 413*)—DISCHARGE—OBJECTIONS—FALSE STATEMENT—SPECIFICATIONS.

Specifications of objections to a bankrupt's application for discharge for having made materially false statements in writing to obtain property on credit alleged that the bankrupt made to the objecting creditor a statement in writing claiming he was worth above his liabilities $100,000; that he made to commercial agencies specified reports in writing in which he stated he was worth above liabilities $100,000 to $150,000 to enable them to make reports on his financial standing, and that the agencies reported the same to the objecting creditor;  that the bankrupt prior to procuring credit represented to the objecting creditor's agent that he was worth over and above liabilities $150,000; and that because of such statements the creditor delivered goods to the bankrupt. It was then alleged that the statements were false; that the bankrupt knew them to be false at the time; that they were falsely made to procure the credit; and that the goods were procured by the bankrupt through the false and fraudulent statements, as aforesaid. It was not alleged wherein the statements were false, nor was there any averment that any specified part of the statements was false.  *Held,* that the allegation of falsity might be held to refer to the oral representations made to the creditor's agent as well as to written statements made to the commercial agencies, and that the specification was insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727;  Dec. Dig. § 413.*]

**4.** BANKRUPTCY (§ 407*)—DISCHARGE—FALSE STATEMENT TO OBTAIN CREDIT.

Where goods were sold by an objecting creditor to the bankrupt January 17, 1910, a creditor could not successfully claim that in extending credit for the goods it relied on false statements in writing concerning the bankrupt's financial condition made by him to a commercial agency in April following.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761;  Dec. Dig. § 407.*]

**5.** BANKRUPTCY (§ 407*)—DISCHARGE—STATEMENT IN WRITING FOR CREDIT.

Where a bankrupt made a statement in writing of his assets and liabilities to the objecting creditor as a basis for credit, and there was no proof that at the time the statement was made it was false in any particular other than that the bankrupt's assets that came into the hands of his trustees 14 or 15 months later did not sell for an amount, when disposed of by the trustee, equal to the net worth of the bankrupt as stated in the statement, there was no competent or sufficient proof to show that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the statement was materially false when made to sustain objections to the bankrupt's discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

In Bankruptcy. In the matter of the bankruptcy proceedings of Willard F. Main. On petition of the bankrupt for a discharge and specifications of objection by H. P. Nelson Company, a creditor. Objections overruled. Discharge granted.

Milton Remley, of Iowa City, Iowa, for objecting creditors.

N. J. Pritzker, of Chicago, Ill., for bankrupt.

REED, District Judge. Willard F. Main was adjudged an involuntary bankrupt by this court June 3, 1911. In due time he filed a petition for discharge to which the H. P. Nelson Company have filed specifications of objections thereto. The only one of these specifications necessary to be considered is the third (the others being wholly insufficient), which as amended is as follows:

"The said H. P. Nelson Company avers: That, at the time of obtaining the credit for which its claim has been filed, the said Willard F. Main made a statement in writing to the said H. P. Nelson Company for the purpose of obtaining credit, and, stated therein that he was worth over and above his liabilities the sum, to wit, of $100,000 and over, and further stated that the said Willard F. Main made a statement to the R. G. Dun & Co. and Bradstreet, commercial agencies, in writing in which he stated that he was worth over and above his liabilities the sum of between $100,000 and $150,000, for the purpose of enabling them to make report on his financial standing, and that said agencies reported the same to the said H. P. Nelson Company. That, relying upon the statements as true, the said H. P. Nelson Company furnished goods, wares, and merchandise to the said Willard F. Main on the strength of the standing as shown by the said statements. Said H. P. Nelson Company further states that the said Willard F. Main, prior to obtaining the credit, orally represented to L. C. Brown, agent of the said H. P. Nelson Company, that he was worth over and above his liabilities the sum of, to wit, $150,000, and, because of said statements in writing made as aforesaid, the said H. P. Nelson Company delivered goods, wares, and merchandise on credit to the said Willard F. Main. The said H. P. Nelson Company avers that the said statements were false; that at the time the said Willard F. Main knew the same to be false and that he was insolvent, and was unable to meet at that time his current liabilities, and such statements were made falsely for the purpose of procuring the credit, to the said H. P. Nelson Company, and the goods, wares, and merchandise sold and delivered to the said Willard F. Main were procured by the said Willard F. Main through false and fraudulent statements as aforesaid. Wherefore said H. P. Nelson Company object to the discharge of the said Willard F. Main in bankruptcy."

This specification is not verified, though required to be by section 18c of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]), and local rule No. 11 in Bankruptcy of this district. In re Brown, 112 Fed. 49, 50 C. C. A. 118.

The specification has not been assailed by the bankrupt, and it may be that the failure to verify the same has thereby been waived.

The Bankruptcy Act as amended by the Act of June 25, 1910 (chapter 412, § 6, 36 Stat. 839 [U. S. Comp. St. Supp. 1911, p. 1496]) provides:

"Sec. 14b. The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by * * * parties in interest, * * * and discharge the applicant unless he has * * * (3) obtained money or property on credit" from any person "upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person."

[1, 2] It is uniformly held by the courts under this section that the specification of objection to the discharge must clearly and unequivocally allege the requisite facts, as distinguished from legal conclusions, which it is claimed will prevent a discharge, and that the burden is upon the objector to prove such facts; and that averments in the language of the statute are not sufficient. Collier on Bankruptcy (9th Ed.) 324–327; In re Hixon (D. C.) 93 Fed. 440; In re Holman (D. C.) 92 Fed. 512.

The specification must also allege, and the proofs must show, that the objector is a party in interest, and, if a creditor, has a debt provable in bankruptcy which will be affected by the discharge. In re Chandler, 138 Fed. 637, 71 C. C. A. 87; In re Servis (D. C.) 140 Fed. 222.

Tested by these rules, the specification in question is plainly insufficient.

[3] Analyzing the statement as above set forth, it alleges: (1) That the bankrupt made to the said H. P. Nelson Company a statement in writing that he was worth over and above his liabilities the sum of $100,-000; (2) that he made to the commercial agencies of R. G. Dun & Co. and Bradstreet reports in writing in which he stated that he was worth over and above his liabilities the sum of between $100,000 and $150,000 for the purpose of enabling them to make reports on his financial standing, and that said agencies reported the same to said H. P. Nelson Company; (3) that said bankrupt prior to procuring credit orally represented to one L. C. Brown, agent of said H. P. Nelson Company, that he was worth over and above his liabilities the sum of $150,000, and, because of said statements made as aforesaid, said Nelson Company delivered the goods, wares, and merchandise to the bankrupt. There is no averment so far that any of the statements so made were false. The falsity of these statements is later alleged as follows: That the said statements were false; that at the time the said Willard F. Main knew them to be false, and that such statements were made falsely for the purpose of procuring said credit; and that said goods, wares, and merchandise were procured by the bankrupt through the false and fraudulent statements as aforesaid. The falsity of the statements thus alleged may well be held to refer to the oral representations made to the agent Brown as well as to the written statements made to the Nelson Company and to the commercial agencies. Further than this it is not alleged in what respect the statements were false; such allegation being a mere conclusion without stating any facts upon which to base such conclusion. There is no averment that any specific part of the statements is false, nor any that apprises the bankrupt of what he must meet, or that he can prepare to meet in advance of the hearing.

[4] The testimony offered in support of these averments is as indefinite and uncertain as are the averments.

Mr. L. C. Brown, an agent of the Nelson Company, who contracted to sell the goods and merchandise to the bankrupt, for which it claims that he is indebted to it, testified that on January 15, 1910, he took from the bankrupt a written order for certain pianos (which are the basis of the Nelson Company's claim against him); that at such time the bankrupt made to him a statement in writing of his assets and liabilities which he delivered to the Nelson Company with such order for the goods. This statement, however, is not produced by the objecting creditor, and no sufficient foundation is laid for secondary evidence of its contents. Mr. Brown also testifies that some time after January 15, 1910, when in Iowa City, the bankrupt's place of business, he was directed by the bankrupt to inquire of the R. G. Dun & Co. agency in Cedar Rapids to ascertain his financial condition, and he fixes this time as April, 1910; and at such time the Dun agency of Cedar Rapids furnished him a copy of a statement purporting to have been made by Main to that company some time prior thereto. But the bankrupt's letter of January 15th to the Nelson Company ordering the goods, and which Brown says he sent to the Nelson Company, bears upon it an acceptance in the following words: "Accepted January 17, 1910, H. P. Nelson Company, by H. P. Nelson." And Brown says this indorsement was made by Nelson on that date. It seems entirely plain from this that the Nelson Company could not have relied upon the copy of the statement of Main furnished to Brown by Dun & Co. some time in April following this date, in extending credit for goods sold prior to that time.

[5] It is urged, however, that about April, 1910, Brown then had a conversation with the bankrupt in Iowa City in regard to his financial condition, at which time he referred Brown to Dun & Co. for a statement which he made to that company, and that Brown then received from Dun & Co. what purports to be a copy of a statement made to it by Main showing his "condition at close of business April 1, 1910," and that the company continued to furnish the goods to the bankrupt ordered in his letter of January 15th thereafter upon the strength of such statement. The copy so received by Brown from Dun & Co. is as follows:

W. F. Main, Iowa City, Iowa.    Condition at Close of Business April 1, 1910.

### Assets.

| | | |
|---|---:|---:|
| Cash | $ 830 | 00 |
| Accounts receivable | 38,402 | 86 |
| Stock | 5,000 | 00 |
| Total quick assets | 123,174 | 49 |
| | | |
| | $167,407 | 35 |
| Real estate | 164,335 | 00 |
| Boston Piano & Music Co., and one-fourth interest in National Mercantile Co. (showing $50,000 net profit per annum) | 230,000 | 00 |
| Cash value of life insurance | 12,000 | 00 |
| | | |
| | $573,742 | 35 |

Liabilities.

| | |
|---|---:|
| Bills payable, loans............................................. | $ 53,100 00 |
| Bills payable, merchandise...................................... | 24,818 29 |
| Accounts ..................................................... | 1,853 16 |
| Total quick debts......................................... | $ 79,771 45 |
| Bills payable secured by mortgage............................. | 84,226 36 |
| | $163,997 81 |
| Surplus net worth........................................... | 409,744 54 |
| | $573,742 35 |

Respectfully submitted,          W. F. Main.

The general averment that such a statement is false, admitting that the original was made by the bankrupt, without alleging wherein it was false, presents no issuable fact; nor is there any proof that, at the time the original of this copy purports to have been made, it was false in any particular other than that the bankrupt's assets, whatever they were that came into the hands of the trustee 14 or 15 months later, did not bring an amount when disposed of by the trustee equal to the net worth of the bankrupt as stated in this statement. There is no competent or sufficient proof, therefore, that will warrant the denial of a discharge.

The discharge must therefore be granted, and it is accordingly so ordered.