## In re MENZIN.

### (District Court, S. D. New York.   May 31, 1916.)

1. BANKRUPTCY ⬦⇒405—DISCHARGE—RIGHTS OF CREDITORS.

   While a creditor may prove his claim in bankruptcy and oppose discharge, he cannot, having proven his claim, refuse to liquidate it and proceed in the state courts on the theory that the debt is not provable and dischargeable, but in such case must abandon his opposition to the discharge or his action in the state courts.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 709–711; Dec. Dig. ⬦⇒405.]

2. BANKRUPTCY ⬦⇒413(8)—DISCHARGE—OPPOSITION—PRACTICE.

   Where a creditor files specifications against a bankrupt's discharge, and also sues on his claim in the state court, the proper practice under District Court rule 15 is for the bankrupt to request the referee to certify the matter up to the District Court, and not to apply in the District Court for a stay in the first instance.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 717, 727; Dec. Dig. ⬦⇒413(8).]

In Bankruptcy.   In the matter of the bankruptcy of Abraham Menzin.   Lewis Frank & Sons filed specifications to the bankrupt's application for discharge, and the bankrupt moves to stay the creditor from proceeding with the specifications and to expunge all proceedings taken thereunder, as well as the claim.   Motion denied without prejudice.

Isidor Sachs, of New York City, for the motion.
Harry L. Herzog, of New York City, opposed.

MAYER, District Judge.   On November 10, 1914, Abraham Menzin was adjudicated a bankrupt.   On February 4, 1915, at the first meeting of creditors, Lewis Frank & Sons filed a proof of debt for $545.75, the agreed price of merchandise obtained from them by the bankrupt upon a statement in writing as to his financial responsibility, alleged by Lewis Frank & Sons to be false.   This claim was allowed by the referee.   On February 4, 1915, one Bloch was elected trustee, and thereafter duly qualified and is still acting as trustee.

Thereafter the bankrupt applied for his discharge, and Lewis Frank & Sons filed specifications, which are still pending undetermined before the referee.   During December, 1915, Lewis Frank & Sons commenced an action against the bankrupt in the Municipal Court to recover $499.92 damages, because of the fraud and deceit alleged to have been practiced in procuring the sale of the goods on credit.   This action is still pending and proceeds upon the theory that the debt is not dischargeable.

[1] The bankrupt now moves to stay the creditor firm from proceeding with its specifications and to expunge all proceedings taken by it thereunder.   He also moves to expunge the claim of Lewis Frank

⬦⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

& Sons upon the ground that it is unliquidated, not provable, and not dischargeable. It was admitted upon the argument by counsel for the objecting creditor: First. That the claim was an unliquidated claim. Second. That the claim was not dischargeable in bankruptcy.

It seems to me that the creditor cannot insist on remaining in the bankruptcy proceeding and at the same time pursue his remedy in the state court on the theory that his debt is not dischargeable. A creditor like this one can prove his claim in bankruptcy and oppose the discharge, as in Matter of Reed (D. C.) 26 Am. Bankr. Rep. 286, 191 Fed. 920; but, if he will not liquidate his claim, and persists in proceeding in another jurisdiction on the theory that the debt is not provable and, not dischargeable, then by his own interpretation he is not a party in interest, entitled to oppose discharge. Standard Varnish Works v. Haydock, 16 Am. Bankr. Rep. 286, 143 Fed. 318, 74 C. C. A. 456; In re Heinsfurter (D. C.) 3 Am. Bankr. Rep. 113, 97 Fed. 198; In re Servis (D. C.) 140 Fed. 222; In re Hildebrant (D. C.) 120 Fed. 992; In re Main (D. C.) 30 Am. Bankr. Rep. 547, 205 Fed. 421; In re Chandler, 138 Fed. 637, 71 C. C. A. 87.

[2] The proper practice is to ask the referee to certify up and not to apply for a stay to this court in the first instance. See District Court rule 15. However, to save unnecessary procedure, the referee is instructed that if, within five days from the filing of the order on this decision, the action in the Municipal Court is not discontinued, then this creditor has no standing to oppose the discharge, and this without prejudice as to whether, for failure to liquidate the claim or other reasons, Lewis Frank & Sons have or have not now a provable claim. It may be that by its course this creditor has elected, and cannot now, in any event, by discontinuing the state court case, regain a standing in the bankruptcy proceeding. That question I do not pass on. It will arise only if the creditor concludes to abandon the prosecution of his action in the Municipal Court.

The motion to expunge the claim is denied without prejudice, on the authority of In re Lewensohn, 9 Am. Bankr. Rep. 368, 121 Fed. 538, 57 C. C. A. 600.

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes