In re MENZIN.

In re 'LEWIS FRANK & SONS.

(Circuit Court of Appeals, Second Circuit. December 12, 1916.)

No. 89.

1. BANKRUPTCY ⊚⇒405—DISCHARGE—OPPOSITION—"PARTIES IN INTEREST"— "LIQUIDATED."

Where petitioners' claim has been approved, admitted by the bankrupt, objected to by no one, and allowed by the referee, it should be regarded as "liquidated" within Bankr. Act July 1, 1898, c. 541, § 57, 30 Stat. 560 (Comp. St. 1913, § 9641), relating to proof of claims; and so petitioners are "parties in interest" within section 14 (Comp. St. 1913, § 9598), and as such are entitled to oppose the bankrupt's discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 709–711; Dec. Dig. ⊚⇒405.

For other definitions, see Words and Phrases, First and Second Series, Interest; Liquidated.]

2. BANKRUPTCY ⊚⇒426(1)—DISCHARGE—DEBTS DISCHARGED.

Under Bankr. Act, § 17 (2) (Comp. St. 1913, § 9601), declaring that a discharge in bankruptcy shall not release the bankrupt from liabilities for obtaining property by false pretenses, a claim for obtaining property by false pretenses, though proven against the bankrupt's estate, is not barred by his discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 792; Dec. Dig. ⊚⇒426(1).]

3. BANKRUPTCY ⊚⇒405—PROOF OF CLAIM—EFFECT.

A creditor, whose claim was based on the obtaining of goods under false pretenses, may, having proven his claim in bankruptcy, oppose the bankrupt's discharge, notwithstanding the institution of a suit on the claim in the state courts; the claim not being one dischargeable in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 709–711; Dec. Dig. ⊚⇒405.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Abraham Menzin. Petition by Lewis Frank & Sons to revise an order of the District Court (233 Fed. 333) staying petitioners from proceeding under their specifications filed in opposition to the bankrupt's discharge, unless they discontinue an action brought by them against the state court. Order reversed.

Isidor Sachs, of New York City, for bankrupt.

Harry L. Herzog, of New York City, for petitioner.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WARD, Circuit Judge. This is a petition to revise an order of the District Court staying the petitioners from proceeding under their specifications filed in opposition to the bankrupt's discharge, unless within five days from the entry thereof they discontinue an action brought by them against the bankrupt in the Municipal Court of the City of New York, Borough of Manhattan, Ninth District.

November 10, 1914, Abraham Menzin was adjudicated a bankrupt, and he scheduled Lewis Frank & Sons, the petitioners, in his Schedule A(3), as merchandise creditors in the sum of $545.75.

February 4, 1915, at the first meeting of creditors, Frank & Sons filed proof of their claim in the sum of $545.75, stating at the same time that it was for goods obtained from them by the bankrupt upon false and fraudulent representations. The claim was allowed by the referee.

October 22d the bankrupt applied for a discharge, and Frank & Sons filed specifications in opposition under section 14b(3).

December 14th, Frank & Sons brought an action against the bankrupt in one of the Municipal Courts of New York City to recover $499.92 as damages sustained by them as the result of his obtaining the goods in question on credit by fraudulent representations.

May 8, 1916, the bankrupt applied for an order staying Frank & Sons from proceeding under their specifications in opposition to his discharge.

[1] The petitioners' claim for $545.75 has been proved, admitted by the bankrupt, objected to by no one, allowed by the referee, and not reconsidered on motion of the trustee. It should certainly be regarded as "liquidated" under section 57 of the Bankruptcy Act, and, if so, the petitioners are a "party in interest" entitled to oppose the bankrupt's discharge under section 14.

[2] If the indebtedness to the petitioners was incurred in obtaining property from them by false pretenses, it will not be affected by the discharge as provided in section 17(2).

The District Judge said in his opinion that the petitioners' counsel admitted at the hearing that their claim was unliquidated and as a consequence not provable. Therefore he held that they had elected not to prove their claim in contract in the bankruptcy proceedings, but to bring suit in the state court in tort on the ground that it was not dischargeable, and therefore they were not a "party in interest" entitled to oppose the discharge. Counsel says that the court misunderstood him, and the record satisfies us that this must have been the case. Therefore we need express no opinion on the question decided by the lower court.

[3] We are quite clear that the petitioners may proceed with their suit in the state court in tort notwithstanding that they first proved their claims in bankruptcy on contract. In Friend v. Talcott, 228 U. S. 27, 33 Sup. Ct. 505, 57 L. Ed. 718, the Supreme Court held that a creditor who had unsuccessfully opposed a composition and discharge in bankruptcy, and who had accepted his dividend thereunder, might still sue for the balance of his claim in the state court, on the ground that the indebtedness was fraudulently contracted and

therefore excepted by the act from the operation of the discharge. In reply to the argument that, having proved his claim on contract in bankruptcy, the creditor had elected between inconsistent remedies and waived his right to sue for the balance in tort in the state courts, Mr. Chief Justice White said, at page 38 of 228 U. S., at page 507 of 33 Sup. Ct. [57 L. Ed. 718]:

"This being the case, it is urged that an election and waiver resulted from the act of the debtor in proving his claim as on contract and thus taking advantage of the bankruptcy proceedings and thereby obtaining rights or benefits which he would not have had if he had stayed out and thus saved his right to be freed from the operation of the discharge. But this distinction is also wholly without foundation. Its error lies in assuming that the right which the bankrupt act confers upon enumerated classes of debts to be exempt from the operation of a discharge rests upon the conception that such debts are exempt because they are excluded from the act and may not participate in the distribution of assets. That is to say, the confusion lies in not distinguishing between creditors who are excluded from the bankrupt act and those who, although included therein, have had conferred upon them the benefit of an exception from the operation of the discharge. Even a superficial analysis of the text of the Bankruptcy Act will make this clear. Thus sections 63a and 63b (30 Stat. 562) enumerate the debts which may be proved and which are therefore entitled to participate in the benefits of the act and are bound by its provisions, including a discharge. Section 17 (30 Stat. 550) enumerates the debts not affected by a discharge; that is, those exempted from its operation. It is apparent that the exemptions do not rest upon any theory of the exclusion of the creditor from the bankrupt act or of deprivation of right to participate in the distribution, but solely on the ground that, although such rights are enjoyed, an exemption from the effect of the discharge is superadded. The text leaves no room for any other view, since the exceptions in terms are accorded to certain classes of debts which are provable under section 63, and therefore debts which are entitled to participate in the distribution; the language being: 'A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as,' etc."

The order staying the petitioners is reversed, with costs.