### In re ARMSTRONG.

(District Court, S. D. California, S. D. January 28, 1918.)

#### No. 3055.

1. BANKRUPTCY ⬅➡405—CREDITOR'S RIGHT TO OPPOSE DISCHARGE.

Bankruptcy Act July 1, 1898, c. 541, § 14b. 30 Stat. 550, provides for opposition to discharge by the trustee or other parties in interest, and clause 3 prohibits discharge where the bankrupt has obtained money or property on credit on a materially false statement in writing. This clause was added by the amendment of 1903 (Act Feb. 5, 1903, c. 487, § 4 [Comp. St. 1916, § 9598]). Section 17 (2) declares that a discharge in bankruptcy shall not release a debtor from liabilities for obtaining property by false pretenses or false representations. That section likewise was amended in 1903 (Act Feb. 5, 1903, § 5 [section 9601]); the word "liabilities" being substituted for "judgment," which formerly was used. Held, in view of the amendments, that one holding a provable claim, and to whom the bankrupt made a materially false statement in writing for the purpose of obtaining credit may oppose discharge, though his claim would not be barred for such person must be considered a party in interest.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ⬤⟶404(1)—DISCHARGE—RIGHT TO.

The right to a general discharge in bankruptcy is purely statutory, and can be granted or withheld, as the legislative department may deem best.

3. BANKRUPTCY ⬤⟶405—DISCHARGE—OPPOSITION—"CREDITOR."

As Bankruptcy Act July 1, 1898, § 1 (9), being Comp. St. 1916, § 9585, declares that "creditor" shall include any one who holds a demand or claim provable in bankruptcy, one having a provable claim is a creditor and party in interest, entitled to oppose the discharge of the bankrupt, even though he has not proven his claim.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

In Bankruptcy. In the matter of the bankruptcy of Robert F. Armstrong. On opposition to discharge. Objections to the report of Referee Force Parker of Los Angeles, Cal., recommending discharge, sustained, and discharge denied.

Robert L. Williams, of Los Angeles, Cal., for creditor.

Chas. La Verne Larzelere, of Los Angeles, Cal., for bankrupt.

BLEDSOE, District Judge. Before the referee on special reference on opposition to granting a discharge, one A. C. Nelson, who seems to have represented some sort of a "loan company," gave evidence that he had loaned $25 to the bankrupt, taking his note therefor in the sum of $32.70, no part of which has been paid. The loan was given pursuant to a written application signed by the bankrupt, which stated, among other things, that the total amount of his then "present indebtedness" did not exceed $15. As a matter of fact, the bankrupt was then indebted to another "loan company" in a sum in excess of $90, which amount is also still unpaid. Objection to the discharge was based upon the ground that the bankrupt had obtained credit from Nelson on a written statement of his financial condition relied on by Nelson, but which was materially false, and that it was made by the bankrupt to Nelson for the purpose of obtaining credit from him, etc.

[1] The referee has recommended the discharge of the bankrupt, but with his conclusions I am constrained to disagree. It is assumed by all, apparently, that in virtue of clause 2 of section 17 of the Bankruptcy Act a discharge of the bankrupt herein would not operate to relieve him from liability on the debt due to Nelson, because of the provision that such a discharge shall not operate as a release as to "liabilities for obtaining property by false pretenses or false representations," and the referee is of the opinion that because of this provision the creditor will not now be heard in opposition to a general discharge of the debtor; in other words, that such creditor is not a "party in interest" entitled to oppose a discharge in bankruptcy (section 14b), that "section 14 of the Bankruptcy Act is modified by the provisions of section 17," and that, in consequence, "those creditors or parties in interest whose claims would not be released by a discharge have no right to oppose the same." Some cases are cited in support of this view. In re Servis (D. C.) 140 Fed. 222; In re Gara (D. C.) 190 Fed. 112. To which might be added In re Maples (D. C.) 105 Fed. 919, and In re Main (D. C.) 205 Fed.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

421. And it is also true that the matter has been determined adversely by other courts. In re Reed (D. C.) 191 Fed. 920, 931; In re Menzin (D. C.) 233 Fed. 333; In re Lewis (D. C.) 163 Fed. 137.

The conclusion of the referee, however, seems to overlook the essentially penal provision of section 14b, respecting a denial of general discharge from debts. If Congress had not intended to provide a general penalty for the obtaining of "money or property on credit upon a materially false statement in writing" made "for the purpose of obtaining credit"—section 14b (3)—it would not have made the existence of that fact a ground of opposition and a reason for refusing a general discharge. It would have contented itself merely with the provision contained in section 17, supra, that a particular liability based on such a circumstance should not be released though a general discharge was granted. To hold, however, that the owner of a provable claim falling in the category above referred to may not voice a successful opposition to the general discharge of the bankrupt, because under section 17 (2), supra, his claim is in no event a dischargeable one, is to overlook and put out of consideration the clause of section 14 above referred to. The result inevitably would be that no opposition could ever be considered, if drawn pursuant to that clause of the section. Practically it is to read the Bankruptcy Act as if clause 3 of section 14b were not included therein. This may not, of course, be done under any circumstances, and particularly in view of the fact that clause (3) was added to section 14 by the amendments of 1903. U. S. Comp. Stat. vol. 9, p. 11187. Up to that time no provision existed for opposition to a discharge on the ground considered herein, and no exemption from the operation of a general discharge save as to debts evidenced by "judgments," now "liabilities." Comp. Stat. p. 11239. By the same act of Congress, in 1903, both sections were amended in the particulars mentioned, and with me the conclusion is irresistible that both sections as thus amended are to be given full force and efficacy. In other words, if any part of section 14 is to be considered as "modified," the phrase "party in interest," inserted in 1898, is modified by the amendment of 1903, so that now a creditor, presenting opposition to a discharge based on clause (3) of the section, is to be considered ex propio vigore a "party in interest."

[2] The right to a general discharge of one's debts in bankruptcy is purely statutory, and can be granted or withheld as the legislative department may deem best. Under the present Bankruptcy Act it is granted only under certain conditions, to wit, that the bankrupt has refrained from conducting himself in certain forbidden ways. The proof being that he has so conducted himself in violation of the statute, then he is to be denied a general discharge, and this is entirely unrelated to —or, rather, in addition to—the fact that, even in the face of a general discharge, certain specific obligations are nondischargeable.

[3] The suggestion is indulged in that the opposition herein is not well based, because of the fact that the creditor, Nelson, did not file a claim in the estate. It is difficult to see, however, how this is material. It is the holding of a "provable" claim rather than a "proved" one— section 1 (9), Bankruptcy Act—which constitutes him a creditor of the

bankrupt. Being a creditor, surely he is a "party in interest" as that phrase is used in the act.

Objections made to the report of the referee are sustained, and an order denying the discharge of the bankrupt will be entered.