## In re FEUER.

## Petition of GUARANTY CO. OF MARYLAND.

(Circuit Court of Appeals, Second Circuit.
February 2, 1925.)

No. 146.

**1. Bankruptcy ⬳405—Any creditor is "party in interest," within Bankruptcy Act and official form providing for filing of specifications of objection to discharge.**

Any creditor is a "party in interest," within Bankruptcy Act, § 14b (Comp. St. § 9598), and official form No. 58, providing for filing of specifications of objection to discharge by "party in interest," even though his debt is not dischargeable, under section 17 (Comp. St. § 9601).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (in suit or action).]

**2. Bankruptcy ⬳413(4)—Specification of objection to discharge because of concealment of existence of debt held sufficient.**

Specification of objection to discharge, stating that bankrupt knowingly concealed from trustee certain assets belonging to estate, consisting of claim for specified sum against named debtor for money loaned, held sufficient, since in such case place of concealment cannot be given.

**3. Bankruptcy ⬳413(4)—Specification of objection to discharge, in that bankrupt had knowingly made false oath and rendered false account, held sufficient.**

Specification of objection to discharge, stating that bankrupt knowingly made false oath and rendered a false account, in that during examination before referee at one time he had sworn that certain corporation was indebted to him for certain amount, while at another time he had sworn that he did not know amount of indebtedness, and had omitted all reference to such indebtedness in a schedule of bankruptcy, held sufficient, being specific enough to advise bankrupt of what he had to meet.

**4. Bankruptcy ⬳413(5)—Specification of objection to discharge for failure to keep books of account held sufficient.**

Specification of objection to discharge of bankrupt under Bankruptcy Act, § 14b (Comp. St. § 9598), in so far as it charged that, "with intent to conceal his true financial condition, he has failed to keep books of account or records," held sufficient.

**5. Bankruptcy ⬳413(5)—Specification of objection to discharge, alleging destruction or concealment of books of account, held not sufficiently specific.**

Specification of objection to discharge, in so far as it charged that bankrupt had destroyed or concealed all books of account or records from which his true financial condition could be ascertained, held insufficient, because not sufficiently specific.

*Manton, Circuit Judge, dissenting.*

Petition to Revise Order of the District Court of the United States for the District of Connecticut.

In the matter of David Feuer, bankrupt. On petition of the Guaranty Company of Maryland to revise an order dismissing specifications of objection to discharge of bankrupt. Order reversed, exceptions to specifications overruled in part, and petitioner given reasonable time to amend.

Shapiro & Witte, of New York City, and Shapiro, Shapiro, Goldstein & Brody, of Bridgeport, Conn. (Samuel Witte, of New York City, of counsel), for petitioner.

Slade, Slade & Slade, of New Haven, Conn. (Benjamin Slade, of New Haven, Conn., of counsel), for respondent.

Before ROGERS, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge. On November 23, 1923, Feuer, the bankrupt, filed a voluntary petition and was adjudicated on the same day. In his schedules appeared the name of the petitioner as a creditor in the sum of $122,050.43. On April 28, 1924, Feuer filed his petition for a discharge, to which the petitioner filed specifications of objection. On May 8, 1924, Feuer in turn filed exceptions to the specifications, which were referred to a master, who reported back overruling the exceptions. On July 15, 1924, the District Judge overruled the master, dismissed the objections, and directed the bankrupt to be discharged. The case comes up, therefore, solely upon the sufficiency of the specifications of objection upon their face.

The first specification was for the commission of an offense punishable by imprisonment under the Bankruptcy Act, in that the bankrupt knowingly concealed from his trustee certain property and assets belonging to his estate as follows: "A certain claim in the sum of $15,000, held by him against the National Grain Corporation for money loaned." The second specification was in that the bankrupt had knowingly made false oath and rendered a false account as follows: That at his examination before the referee at one time he had sworn that the National Grain Corporation was indebted to him for about $15,000, while at another before the same referee he had sworn that he did not know the amount of the indebtedness; finally, that he had omitted all reference in his schedules of bankruptcy to the said indebtedness. The third specification read as follows: "With intent

to conceal his true financial condition he has failed to keep books of account or records, and has destroyed or concealed books of account or records from which such financial condition can be ascertained."

The point argued by the respondent, on which he chiefly prevailed, did not, however, concern the substance of the specifications but their inducement. Therein the objecting creditor described itself as a creditor, and not as a "party in interest," as prescribed in section 14b of the Bankruptcy Act (Comp. St. § 9598), and official form No. 58. The argument is that a creditor whose debt is not dischargeable may not oppose the discharge, because he cannot have any interest in its denial. The point has been differently ruled in a number of decisions, and was specifically left open by us in our decision in Re Russell, 176 F. 253, 259, 100 C. C. A. 77. In re Chandler, 138 F. 637, 71 C. C. A. 87 (C. C. A. 7), and In re Servis, 140 F. 222 (D. C.), each squarely held that, since a creditor simpliciter might be one whose claim was not dischargeable, he was not necessarily a "party in interest" quoad the discharge. Even if the bankrupt were discharged, it would not affect him. We passed close beside the point, but did not decide it, in Re Menzin, 238 F. 773, 151 C. C. A. 623. Several decisions of the District Courts have held otherwise. In re Armstrong, 248 F. 292; In re Reed, 191 F. 920; In re Lewis, 163 F. 137 (obiter); In re Menzin (D. C.) 233 F. 333 (the point in question not being reversed in Re Menzin, supra). And Remington, § 3207, is decidedly of their opinion.

[1] We think that any creditor is a "party in interest," and that the phrase of section 14b and form 58 is more general than that chosen by the respondent at bar. While it is of course true that a creditor whose debt is not dischargeable has nothing to fear from a discharge, provided he can make good the exclusion of his debt under section 17 (Comp. St. § 9601), yet he may have an interest to avoid that issue, if he can. We see no reason to prevent his opposing the discharge on any statutory ground, and ab initio depriving the bankrupt of his plea in bar to any subsequent action, even though he may believe himself able to interpose a successful replication when the time comes. In short, there is no good reason for saying that he may not have two strings to his bow.

In cases where the creditor has been cheated, a contrary result would mean that the bankrupt's victim is the only person who may not prevent his discharge, though all other creditors are entitled to use his wrong vicariously. That would be a sorry result, which we think quite contrary to the natural purposes of the act.

[2, 3] The remaining objections need not detain us. The first and second objections contain all the allegations necessary. The first specifies precisely the property concealed, and alleges that the bankrupts concealed it advisedly. As it is a debt, the place of concealment could not be given. Of course, a man may conceal from his trustee the existence of debts owed him. The second objection may not have all the archaic particularity yet required of an indictment for perjury, but we are not disposed to introduce any such requirements here. It is quite specific enough to advise the bankrupt of what he has to meet, which should be enough, not only in bankruptcy, but anywhere else.

[4, 5] The third specification is bad in part and good in part. So far as it alleges that the bankrupt has failed to keep books of account, its only possible form is in the words of the statute; so far as it alleges that the bankrupt has destroyed or concealed his books, it should be specific.

The order is reversed, and the exceptions of the bankrupt overruled, except that to the third specification, in that it alleges concealment or destruction of the bankrupt's books. The petitioner will be given a reasonable time to amend as to that, if so advised.

MANTON, Circuit Judge (dissenting). The objections filed against the bankrupt's discharge referred to the objector as a creditor and not as a party in interest. I think the party in interest, mentioned in section 14b of the Bankruptcy Act and official form No. 58, was intended to mean some creditor whose debt would be wiped out by the discharge. There are certain classes of debts which are not dischargeable. Such creditors could not be described as a party in interest on an application for discharge, for they are not affected by the discharge. Therefore the objecting creditor, in his specifications of objections, should sufficiently describe his interest as a party to indicate that he is interested or affected by the discharge. I agree with the reason of In re Chandler, 138 F. 637, 71 C. C. A. 87, and In re Servis (D. C.) 140 F. 222, which I regard as in conflict with the prevailing opinion about to be announced.