In re Jack Sidney JAMES, Debtor.

ADAMS FARMS, et al., Plaintiffs,

v.

Jack Sidney JAMES, Defendant.

INTERNATIONAL PAPER
COMPANY, Plaintiff,

v.

Jack Sidney JAMES, Defendant.

Bankruptcy No. 90–3326–9P7.
Adv. Nos. 92–272, 92–273.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

March 8, 1994.

Mark J. Wolfson, Cindy L. LoCicero, Tampa, FL, and Luigi P. DeMaio, New York City, for plaintiffs Adams Farms and Intern. Paper Co.

Ted R. Frame, Coalinga, CA, for Adams Farms.

Robert A. Soriano, Tampa, FL, for debtor/defendant Jack Sidney James.

Michael P. Horan, Tampa, FL, for trustee.

Stephen Meininger, Tampa, FL, Trustee.

FINDINGS OF FACT, CONCLUSIONS·
OF LAW AND MEMORANDUM
OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case in which the issue of whether or not the Plaintiff in Adversary Proceeding No. 92–273, International Paper Company (International Paper), and the Plaintiff in Adversary Proceeding No. 92–273, Adams Farms, et al. (Adams Farms), are in fact creditors thus have standing to prosecute these adversary proceedings. The

issue arose in an awkward procedural posture and for this reason a brief recitation of the procedural background and the relevant facts as they appear from same should be helpful.

On April 3, 1992, International Paper filed a Complaint which sought a determination pursuant to § 727(c) first that Jack Sidney James (Debtor) is not entitled to a general bankruptcy discharge or in the alternative a determination pursuant to § 523(c) that the liability of the Debtor to International Paper should be excepted from the overall protection of the general bankruptcy discharge. International Paper in ¶ 1 of its Complaint, alleged that "International Paper is a New York corporation and was listed as a creditor on Schedule A–3 of the Debtors Schedules filed in connection with the Debtor's bankruptcy case originally filed under Chapter 11 of the Bankruptcy Code." It should be noted that there is no allegation in the Complaint that International Paper is in fact a creditor of the Debtor. On October 22, 1992, the Debtor filed an Answer and in response to the allegation set forth in ¶ 1 of the Complaint stated "denies knowledge or information sufficient to form a belief as to the thrust of the allegations therein, except admits that International Paper was listed in the Debtor's Schedule or Liabilities as asserting a disputed, contingent, and unliquidated claim." Thus, the issue of standing of International Paper was technically put in issue, albeit not very well articulated. In addition, on October 10, 1990 International Paper filed a proof of claim in the amount of zero. Is claim was challenged by the Debtor prior to conversion of the Debtor's Chapter 11 case to the Chapter 7 case. Notwithstanding, the issue of standing was never resolved. A final evidentiary hearing was scheduled in due course of the claims asserted against the Debtor by both Plaintiffs. Although the scheduling Order failed to specify as to the issues to be tried, it is without dispute that the parties agreed to try first the claims relating to the Debtor's right to a general discharge based on § 727(b) of the Bankruptcy Code and agreed to defer action on the claim of non-dischargeability based on § 523 of the Bankruptcy Code pending resolution of the claims based on § 727(b).

The Complaint filed by Adams Farms was filed on April 3, 1992. In this adversary proceeding Adams Farms also challenged the Debtor's right, pursuant to § 727(c), to the overall protection of the bankruptcy discharge. Adams Farms also sought a determination pursuant to § 523(c) that the dischargeability of the debt allegedly owed by the Debtor to Adams Farms should be declared to be non-dischargeable. Adams Farms in its Complaint stated in ¶ 14 that "the Plaintiffs were listed as creditors on Schedule A–3 of the Debtor's Schedules filed in connection with the Debtor's bankruptcy case originally filed under Chapter 11 of the Bankruptcy Code." Again, just like in the Complaint of International Paper, there is no allegation in this one that the Plaintiffs were in fact creditors of the Debtor. In his Answer, the Debtor stated, in response to ¶ 14 that the allegation is "denied, except admits that plaintiffs were scheduled as holding disputed, contingent, and unliquidated claims against the Debtor." Adams Farms also filed a proof of claim on October 10, 1990 in the amount of $239,357.94 which claim was also challenged by the Debtor but, just like the objection of the Debtor to the claim of International Paper, was never heard and disposed by this Court by either allowing or disallowing same.

To further complicate this matter, it also should be pointed out that on November 14, 1990 International Paper filed a Motion to Withdraw the Reference of the contested matter involving the Debtor's objection to the claim of International Paper which Motion is still pending in the District Court and remains unresolved as of this date.

It should be evident from the foregoing that ordinarily the issue of standing was a threshold issue which should have been resolved before scheduling the trial of the objections to the Debtor's discharge filed both by International Paper and Adams Farms. Unfortunately, this is not what happened. Nevertheless, it is the Debtor's contention raised the first time in the post-trial brief filed by Debtor's counsel, that it was the burden of the Plaintiffs to establish that they are creditors, that they have failed to estab-

lish with competent proof that they are in fact creditors therefore both complaints challenging the Debtor's right to a general discharge should be dismissed with prejudice for lack of standing. In light of the fact that this is a crucial threshold issue, on December 28, 1992 this Court entered an Order which deferred disposition of these adversary proceedings concerning the claims based on § 727(b) pending determination as to the proper method to resolve the issue of standing.

In response to the Debtor's contention outlined above, both Plaintiffs concede that there was no direct evidence at the trial to establish they are creditors. In support of their right to pursue this adversary proceeding, both Plaintiffs rely first on the definitions by the Code of the terms "creditor" and "claim." § 101(10) defines "creditor" as an

"entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor."

§ 101(5) in turn defines "claim" as a

"right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

According to the Plaintiffs, based on the plain reading of these definitions they are creditors and the fact that their claim is challenged and it was scheduled as disputed is of no consequence, since the clear reading of the definitions just cited means that they are creditors holding a claim against the Debtor, a claim within the meaning of that term as defined by § 101(5). Citing *Pennsylvania Department of Public Welfare, et al. v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990).

■ This Court is in full agreement with the proposition that the Code did, in fact, significantly expand the scope of the terms "claims" and "creditors." Thus, it is clear that the fact that a proof of claim is challenged and the claim is disputed would not detract from the status of an entity as a creditor until the claim is ultimately disallowed. It is true International Paper filed a proof of claim, albeit in zero amount which

proof of claim is, of course, facially defective. It is equally true that Adams Farms stated an amount in its proof of claim, the bottom line is that neither International Paper nor Adams Farms requested this Court to take judicial notice of these claims. From this it follows that they are not part of the record and, therefore, could not furnish proof necessary to establish that these Plaintiffs are in fact creditors, thus have standing. The reliance of the Plaintiff on the cases of *In re Chandler*, 138 F. 637 (7th Cir.1905) and *In re Ruhlman, et al.*, 279 F. 250 (2nd Cir.1922) furnishes no support for the proposition that they have standing. Both *Chandler* and *Ruhlman* were decided long before the adoption of the Code. Under the predecessor Section of § 727, § 14(b) of the Bankruptcy Act of 1898, provided that an objection to discharge of a bankrupt may be made by a party in interest. Based on this definition, the Seventh Circuit in *Chandler* held that before a creditor has a right to challenge the bankrupt's right to a discharge, it must be alleged that the creditor has provable debt which is affected by the discharge. In *Ruhlman*, the Second Circuit held that the objection to discharge may be filed by anyone who has a pecuniary interest. The Code revised the pertinent Section, § 727(c), by providing that only the Trustee, a creditor or a U.S. Trustee may do so, the holding of *Ruhlman* is clearly inapposite and no longer applicable.

■ In the alternative, it is the contention of the Plaintiffs that based on F.R.B.P. 3003(b)(1) they have standing. This Rule provides that a Schedule of Liability filed by a Debtor pursuant to § 521(1) shall constitute prima facie evidence of the validity and amount of claim scheduled. Since both Plaintiffs were scheduled by the Debtor as creditors, this is sufficient proof, so claim the Plaintiffs, that they are creditors therefore have standing to prosecute their respective claims pursuant to § 727(c) of the Bankruptcy Code. In support of this proposition, the Plaintiffs cite the case of *Haley v. Pope*, 206 F. 266 (9th Cir.1913). In *Haley*, just like the other two cases, was decided under pre–Code law and, therefore, its holding that a scheduled party renders a creditor a prima facie party of interest thus entitled to oppose the

granting of a discharge is not persuasive. More to the point is the case of *In re Vahlsing*, 829 F.2d 565 (5th Cir.1987) decided under the Code by the Fifth Circuit in 1987. In this case the Fifth Circuit, speaking through Circuit Judge E. Grady Jolly, held that an individual lacks standing to continue to pursue an adversary proceeding opposing a debtor's discharge notwithstanding that the Debtor had initially listed her as a creditor on the petition. While it is true that in *Vahlsing* the objecting party's claim was fully adjudicated and determined by another Court that she has no valid claim against the Debtor, this is distinction without difference and while the statement is true it is also important to note that the Fifth Circuit concluded that the fact that one was scheduled by the Debtor does not establish standing to pursue a claim pursuant to § 727(c). The difficulty with the Plaintiffs reliance on F.R.B.P. 3003(b)(1) should be evident when one reads the entire subclause of this Rule which further provides that there is no prima facie validity of a claim if the creditors are scheduled as holders of disputed, contingent or unliquidated claims.

It is unfortunate indeed that this Court is constrained to resolve this controversy solely on the issue of standing after the claims of both Plaintiffs have been fully tried, but on this record this Court is satisfied that it had no choice but to dismiss both claims based on § 727 of the Code based on the Plaintiffs' failure to plead and prove that they are indeed creditors thus have standing to object to the Debtor's discharge pursuant to § 727(c) of the Code.

The disposition of this adversary proceeding shall not be construed as a finding determining the status of these Plaintiffs as creditors qualified to prosecute their respective claims of non-dischargeability under § 523(c).

A separate final judgment will be entered in according with the foregoing.