In re FLEMING COMPANIES, INC., et al., Debtors.

CHEP USA, Plaintiff,

v.

Fleming Companies, Inc., Defendant.

Bankruptcy No. 03–10945 (MFW).
Adversary No. 04–52368.

United States Bankruptcy Court, D. Delaware.

Jan. 14, 2005.

Kurt F. Gwynne, Reed Smith LLP, Wilmington, DE, for Plaintiff.

Christopher James Lhulier, James E. O'Neill, Laura Davis Jones, Pachulski, Stang, Ziehl, Young & Jones, Wilmington, DE, Scotta Edelen McFarland, Pachulski,

Stang, Ziehl, Young & Jones, Los Angeles, CA, for, Defendant.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Chief Judge.

Before the Court is the Motion of CHEP USA ("the Plaintiff") for leave to amend its Complaint and the Opposition thereto of Fleming Companies, Inc. ("the Debtor"). For the reasons set forth below, we grant the Motion.

### I. *FACTUAL BACKGROUND*

On April 1, 2003, the Debtor and certain affiliates filed a petition for relief under chapter 11 of the Bankruptcy Code. Prior to the petition date, the Debtor was engaged in the business of supplying consumer package goods to supermarkets and convenience stores. The Plaintiff leased pallets to the Debtor for transporting goods. On August 14, 2003, we approved a sale of substantially all of the Debtor's assets, but preserved the ownership rights of the Plaintiff in the pallets the Debtor currently possessed. When the Debtor failed to account for approximately $4,786,915 worth of pallets, the Plaintiff filed the instant Complaint.

The Plaintiff amended its Complaint on March 23, 2004, which the Debtor has answered. On November 23, 2004, the Plaintiff filed the instant Motion for Leave to Amend the Amended Complaint to add a fraud claim. On December 3, 2004, the Debtor filed its Opposition to the Motion. Briefing is complete and this matter is ripe for decision.

### II. *JURISDICTION*

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(A).

### III. *DISCUSSION*

A court should grant a party leave to amend a pleading freely when justice so requires. Fed. R. Bankr.P. 7015(a). The Third Circuit has set a liberal standard for granting leave to amend; such relief should be denied only where the amendment is the result of "undue delay, bad faith or dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment...." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

In the original Amended Complaint, the Plaintiff had asserted, *inter alia,* that it was entitled to the proceeds of a settlement which the Debtor reached with Kmart because part of those proceeds represented payment for pallets owned by the Plaintiff which the Debtor had shipped to Kmart and Kmart lost. The Plaintiff now seeks to add a count for fraud based on alleged misrepresentations made by the Debtor that Kmart had agreed to be liable to the Plaintiff for pallets it received from the Debtor. The Plaintiff argues that it learned of the facts underlying its fraud claim only through discovery, and, therefore, it should be granted leave to amend its Complaint.

The Debtor opposes this Motion on two grounds. First, it claims any amendment would prejudice it as discovery is nearly complete and the burden of starting discovery again is simply too great. The Plaintiff responds that only discovery related to the fraud claim must be undertaken and that the amendment does not moot the completed discovery. Furthermore, the Plaintiff argues that additional discovery alone is insufficient to establish preju-

---

**1.** This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

dice. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir.1990).

■ We agree with the Plaintiff. Undue prejudice is more than mere inconvenience: it is found only where the party must overhaul its entire litigation strategy. *See, e.g., Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 274 (3d Cir.2001).

■ In this case, the parties are still in discovery, thus any potential prejudice to the Debtor is low. Further, the amendment does not add a completely new, unrelated claim: the claim for fraud is related to the Plaintiff's earlier claim for a constructive trust on the settlement funds received from Kmart. Both are premised on the Plaintiff's asserted ownership of the pallets and any proceeds received by the Debtor for them. In addition, the fraud claim is very specific. It does not appear that extensive discovery will be necessary. Thus, we find no undue prejudice to the Debtor by the amendment.

Second, the Debtor argues that the proposed amendment would be futile because it cannot withstand a Rule 12(b)(6) motion to dismiss. The Debtor asserts that the Plaintiff has not stated a claim for fraud that meets the pleading requirements of Rule 9(b), because its claim lacks the specificity required. *See* Fed. R. Bankr.P. 7009. Thus, the Debtor asserts that the fraud claim must be dismissed for failure to state a claim under Rule 12(b)(6).

The Plaintiff asserts that it has provided sufficient facts and allegations so as to give the Debtor notice of its claim to allow it to prepare a defense. It argues, therefore, that its proposed amendment is not futile.

■ Rule 9(b) requires "plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged." *See, e.g., Seville Indus., Mach., Corp. v. South-*

*most Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984). Thus, to meet Rule 9(b) all that is required is notice sufficient to allow the defendants to prepare a defense. *See, e.g., Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 (3d Cir.2003). Plaintiff's amendment states the party making the alleged fraudulent representations, the substance of the representations, to whom they were made, and an approximate time when they were made. Thus, the Plaintiff's claim meets the Rule 9(b) requirement and the amendment would not be futile.

Consequently, we will grant the motion.

## IV. CONCLUSION

For the reasons set forth above, the Motion for Leave to Amend is granted.

An appropriate order is attached.

### ORDER

AND NOW this **14th** day of **January, 2005**, upon consideration of Motion of CHEP USA for Leave to Amend the Amended Complaint, and the accompanying Brief in Support of its Motion, and upon consideration of the response of the Debtor thereto, it is hereby

ORDERED that the Motion is **GRANTED** in its entirety; and it is further

ORDERED that CHEP may file the First Amended Complaint in the form as attached to the Motion.