**In re Jeffrey Michael DUPREE, Debtor.**

**James E. O'Reilly and Cynthia A. O'Reilly, Plaintiffs,**

v.

**Jeffrey Michael Dupree, Defendant.**

**Bankruptcy No. 03–25827–PMG. Adversary No. 04–161.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 14, 2005.

See also 336 B.R. 490, 2005 WL 3454662, 336 B.R. 506, 2005 WL 3454674, and 336 B.R. 520, 2005 WL 3454676.

W. James Butler, Butler Law Group, PA, Clearwater, FL, Patrick T. Lennon, MacFarlane Ferguson & McMullen, Tampa, FL, for Debtor.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PAUL M. GLENN, Chief Judge.

**THIS ADVERSARY PROCEEDING** came on for hearing on the Defendant's Motion for Summary Judgment on the two remaining counts of the complaint filed by James E. and Cynthia A. O'Reilly (the Plaintiffs). The Plaintiffs originally filed a Complaint to Determine Dischargeability of a Debt and Objection to Discharge and To Avoid Fraudulent Transfer and For Turnover against the Debtor (the Defendant), Jeffrey Michael Dupree, on March 16, 2004. Following a hearing on the Defendant's Motion to Dismiss Complaint, an order was entered on July 13, 2004, granting in part and denying in part the motion to dismiss the complaint. The motion to dismiss the complaint was granted with respect to all of the counts except two, Counts V and VI, which are the subject of the Defendant's Motion for Summary Judgment. In response to the Defendant's motion, the Plaintiffs filed the Plaintiffs' Reply to Motion for Summary Judgment.

### Background

The Debtor filed his Chapter 7 bankruptcy petition on December 16, 2003. In Paragraph 10 of his Statement of Financial Affairs (Other transfers), the Debtor listed the following: "PROPERTY SOLD 2 Skiff Boats 4/03, Single Family Home 9/03," without any further detail. The Debtor testified at his Section 341 meeting on February 2, 2004, and at his continued Section 341 meeting on March 12, 2004, as to various matters with regard to his petition, including the transfer of the assets noted above, as well as to other assets and transfers that were not listed on his schedules.

The Plaintiffs filed their Complaint to Determine Dischargeability of a Debt and Objection to Discharge and to Avoid Fraudulent Transfer and For Turnover on March 16, 2004. The two counts of the complaint which were not dismissed by Judge Baynes, pursuant to order entered July 13, 204, are entitled "COUNT V False Oaths 11 U.S.C. § 727(a)(4)(A)" and "COUNT VI Withholding Property From the Estate Section § 727(a)(4)(D)." The two remaining counts of the complaint encompass the same property, alleged as follows:

"(a) the sale of real property in North Carolina;

(b) interest in a 1984 Ford F150 and various trailers;

(c) his bank accounts which were closed within one year of the date of filing the bankruptcy petition;

(d) 1982 Boston Whaler;

(e) 1999 Express 16′ aluminum boat;

(f) interests in various corporations and/or other business; and

(g) other issues expected to be found or confirmed during discovery."

On March 31, 2004, the Debtor filed an Amended Statement of Financial Affairs that had been executed by the Debtor on March 18, 2004. The Amended Statement provided greater detail in Paragraph 10 as to property transferred in the last year, including buyers' names and addresses, prices paid for property, dates of sale, descriptions of property and relationships to the Debtor. The transfers included a residence located in Port Richey, Florida (date transferred 12/30/02), a residence located in Whittier, North Carolina (9/12/03), two boats and trailers (two sales, "approximately 4/03"), shares of a mutual fund (7/15/03—value of $1,442.00), and shares of XCEL Energy stock (9/15/03—value of $3,132.00). In addition, the Debtor amended Paragraph 11, Closed financial accounts, to disclose a Bank of America checking account in the name of Allapree Advisers, Inc. which was closed in October, 2003, with a final balance of $15.76. The Debtor also amended Paragraph 15 to list his prior address. Paragraph 18, Nature, location and name of business, was amended, adding "Home Inspections of the Suncoast, Inc." with dates of operation of "11/03 to present."

In the Debtor's general case, the U.S. Trustee filed a Motion for Extension of Time Within Which to File a Motion under 11 U.S.C. § 707(b) and a Complaint Objecting to Discharge under 11 U.S.C. § 727. An order was entering granting the U.S. Trustee's Motion to Extend Time to May 11, 2004, but the U.S. Trustee did not file a motion to dismiss this case or a complaint objecting to the Debtor's discharge. The Chapter 7 Trustee filed a Trustee's Objection to Claim of Exemption on May 11, 2004, and a Motion to Compel Debtor to Turnover Property of the Estate on May 27, 2004. On November 4, 2004, an order was entered overruling the Trustee's Objection to Debtor's Claim of Exemption as moot. On November 17, 2004 a Motion and Notice of Compromise of Controversy was filed by the Chapter 7 Trustee with regard to the Motion to Compel Turnover of Property, setting forth a settlement of this matter between the Debtor and the Chapter 7 Trustee for payment by the Debtor of the amount of $2,000. In the Trustee's Motion to Compromise Controversy, counsel for the Chapter 7 Trustee stated:

> . . . The non-exempt assets of the estate included $3,195.00 f [sic] personal property and a 1994 Lexus, 1990 Ford F250 pickup, 1998 utility trailer and a 1995 Cape Horn 27′ boat. The Debtor claims that purportedly there is a lien on all the non-exempt assets . . .

> . . . The Trustee believes it is in the best interest of the estate to accept the $2,000.00 as settlement. With the costs of litigation and time spent and there is no guarantee that we would prevail in the matter . . .

On February 1, 2005, an order was entered granting the trustee's motion to compromise.

On February 2, 2005, in anticipation of Judge Baynes' retirement, the Debtor's general case and related adversary proceedings were reassigned to the Honorable Paul M. Glenn.

### Defendant's Motion for Summary Judgment

The Defendant has filed a motion for summary judgment on the two remaining

counts of the complaint, 11 U.S.C. § 727(a)(4)(A) and § 727(a)(4)(D).

### Count V—11 U.S.C. § 727(a)(4)(A)

■■ Section 727(a)(4)(A) of the Bankruptcy Code provides that "The court shall grant the debtor a discharge, unless . . . the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account. . ." The purpose of 11 U.S.C. § 727(a)(4)(A) is to insure that sufficient facts are available to all persons interested in the administration of the bankruptcy estate without requiring investigations or examinations to discover whether the information provided is true. " 'The entire thrust of an objection to discharge because of a false oath or account is to prevent knowing fraud or perjury in the bankruptcy case. As a result, the objection should not apply to minor errors . . .' 'A false statement or omission that has no impact on a bankruptcy case is not grounds for denial of a discharge under 727(a)(4)(A).' " *In re Wills*, 243 B.R. 58, 63 (9th Cir. BAP 1999), *citing* William L. Norton, Jr., NORTON BANKRUPTCY LAW AND PRACTICE 2D § 74.11 (1997) and 6 Lawrence P. King et al., COLLIER ON BANKRUPTCY ¶ 727.04[1][b] (15th ed. Rev.1998).

■■ There are two elements that must be proven in order to deny the debtor a discharge under § 727(a)(4)(A): first, the debtor's oath or account must have been knowingly and fraudulently made, and second, it must be related to a material fact. *In re Ingersoll*, 124 B.R. 116, 122 (M.D.Fla.1991). Of course, the fraudulent intent in such a case may be inferred from the totality of the circumstances surrounding the debtor's case. *Id.*

■■ There is a difference between a debtor who is trying to hide assets with a false oath or material omissions in his Statement of Financial Affairs, and a debtor who, through inadvertence, mistake, or ignorance of the issue of materiality in his disclosures, may omit certain assets in his original Statement of Financial Affairs. *See Turner v. Moeritz (In re Moeritz)*, 317 B.R. 177 (Bankr.M.D.Fla.2004) and *Turner v. Hosmer (In re Hosmer)*, 2004 WL 1964509 (Bankr.M.D.Fla.). In discerning whether the debtor has the requisite fraudulent intent to justify the denial of his discharge pursuant to § 727(a)(4)(A), the Court should analyze the omissions or non-disclosures as to whether they were part of a scheme on the part of the debtor to retain assets for his own benefit at the expense of his creditors.

### Count VI—11 U.S.C. § 727(a)(4)(D)

Section 727(a)(4)(D) provides that the Court shall grant the Debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs. This section is often included with other offenses under section 727, as the debtor may be refusing to turn over documents to the trustee in connection with a concealment, false oath, fraudulent transfer of assets, or other ground for discharge denial.

### The Summary Judgment Standard

■■ In Defendant's Motion for Summary Judgment, the Defendant is seeking the determination that, with regard to the remaining counts of the complaint, 11 U.S.C. § 727(a)(4)(A) and (D), there is no genuine issue as to any material fact and that the Debtor is entitled to judgment as a matter of law.

Bankruptcy Rule 7056 is applicable to this determination:

(c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

The First Circuit Court of Appeals discussed the summary judgment standard in the case *Mulvihill v. Top–Flite Golf Company*, 335 F.3d 15, 19 (1st Cir.2003):

> The role of summary judgment is to look behind the façade erected by the pleadings and assay the parties' proof in order to determine whether a trial will serve any useful purpose.... Conventional summary judgment practice requires the moving party to assert the absence of a genuine issue of material fact and then support that assertion by affidavits, admissions, or other materials of evidentiary quality.... Once the movant has done its part, the burden shifts to the summary judgment target to demonstrate that a trialworthy issue exists...
>
> In conducting this tamisage, the district court must scrutinize the record in the light most flattering to the party opposing the motion, indulging all reasonable inferences in that party's favor.... This standard is notoriously liberal—but its liberality does not relieve the nonmovant of the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe... Moreover, the factual conflicts relied upon by the nonmovant must be both genuine and material... *(Citations omitted.)*

As the party moving for summary judgment, the Defendant has the burden of demonstrating that there is no genuine issue as to any material fact. If there is a genuine dispute over a material fact, summary judgment may not be granted. As a Court makes this determination, the non-moving party is to be given the benefit of the doubt on all credibility issues and the benefit of any inferences that reasonably might be inferred from the evidence. *In re Diagnostic Instrument Group, Inc.*, 283 B.R. 87, 94 (Bankr.M.D.Fla.2002), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, if the facts and law still do not present "sufficient disagreement" to require a trial, but rather are "so one-sided that one party must prevail as a matter of law," summary judgment must be granted. *Id.*

When faced with an opponent's motion for summary judgment, a non-moving party may not rest on its pleadings, but must bring forth specific facts in order to avoid summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In the case of the denial of a discharge of a Chapter 7 debtor pursuant to one of the exceptions of 11 U.S.C. § 727(a), this principle would appear to be especially true. "Section 727 of the Bankruptcy Code provides that the court shall grant a discharge unless the debtor has engaged in specifically enumerated actions that warrant the denial of the discharge. The statute is to be construed liberally in favor of the debtor and strictly against the objector.'" *In re Leffingwell*, 279 B.R. 328, 338 (Bankr. M.D.Fla.2002), *citing Second National Bank v. Parker (In re Parker)*, 85 B.R. 384, 387 (Bankr.E.D.Va.1988). The Court looks to the non-movant not to merely rest on the allegations of the complaint and rehash immaterial aspects of the conflict between the plaintiffs and defendant in the response to the summary judgment motion, but to support the pleadings with specific facts.

### Application of the Summary Judgment Standard to this Proceeding

In this case, the Debtor's disclosures for "Paragraph 10. Other Trans-

fers" on his original Statement of Financial Affairs set forth only the following: "PROPERTY SOLD 2 Skiff Boats 4/03, Single Family Home 9/03." As pointed out at the Debtor's continued Section 341 meeting, this was not a proper form; the Debtor was requested to "file an appropriate form and restore that to the proper format as a proved [sic] by the court and insert the proper information." (Transcript of Meeting with Jeffrey M. Dupree, February 2, 2004 & March 12, 2004, Page 89, lines 2 to 4, (referred to herein as Transcript).) The Debtor then amended his Statement of Financial Affairs, supplementing some of his previous responses in the original Statement of Financial Affairs. In his affidavit in support of his Motion for Summary Judgment, the Debtor stated that he signed the Amended Statement of Financial Affairs on March 18, 2004 (six days following the conclusion of his Section 341 meeting) without any knowledge that the Plaintiffs intended to file the adversary proceeding (Paragraph 7). This adversary proceeding was filed on March 16, 2004.

The Plaintiffs' original complaint set forth the following items that he alleges the Debtor "failed to disclose and/or concealed" in his petition, schedules and Statement of Financial Affairs:

(a) the sale of real property in North Carolina;

(b) interest in a 1984 Ford F150 and various trailers;

(c) his bank accounts which were closed within one year of the date of filing the bankruptcy petition;

(d) 1982 Boston Whaler;

(e) 1999 Express 16′ aluminum boat;

(f) interests in various corporations and/or other business; and

(g) other issues expected to be found or confirmed during discovery.

With regard to the sale of real property in North Carolina, this was the "single family home 9/03" transfer noted in the original Statement of Financial Affairs that was detailed in the Amended Statement. The Debtor testified about the sale of this property at the Section 341 Meeting. (Transcript, pages 10–11, lines 24–25 and 1–11.)

The next item listed was "interest in a 1984 Ford F150 and various trailers." The Debtor testified that the Ford 150 was abandoned in Georgia, and, at the time of the Section 341 meeting, had been sitting there "Probably a year. Nine months to a year." (Transcript, page 32, line 3.) The Debtor described it as "an '84, . . . old rusted out truck that won't run." (Transcript, page 17, lines 8–9.) Attached as exhibits to the Plaintiffs' Reply to the Defendant's Motion for Summary Judgment were copies of title registration information for the 1984 pick-up truck as well as various boats (two) and trailers (four) apparently registered to the Debtor. This information was obtained from the Hillsborough County Tax Collector's Office and contains the following disclaimer: "This information is provided as a courtesy of the Hillsborough County Tax Collector, which is not responsible for any errors or omissions. The official records are maintained by the Florida Department of Highway Safety and Motor Vehicles." All of registrations expired on April 26, 2004. The two boats and two of the four trailers were disclosed by the Debtor as having been sold in April, 2003. In the Amended Statement of Financial Affairs the Debtor detailed the sale of a 15′ Boston Whaler and trailer and a 16′ aluminum boat and trailer to unrelated parties as a supplement to his itemization of "2 skiff boats" in Paragraph 10 of his original Statement of Financial Affairs. In addition, the Debtor testified at his Section 341 meeting that he sold both boats with trailers. (Transcript, page 35, line 19.) In

response to the Chapter 7 Trustee's question at the Section 341 meeting, "And how many trailers do you have now?" the Debtor answered, "I have one utility trailer and one trailer that goes with the boat I currently own, the Cape Horn." (Transcript, page 35, lines 21–24.) Of the four trailer registrations attached to the Plaintiffs' response, it appears that four trailers have been accounted for.

With regard to the next allegation of non-disclosure in the Complaint, "his bank accounts which were closed within one year of the date of filing the petition," the Debtor added the information to his Amended Statement of Financial Affairs that he closed a checking account for Allapree Advisers, Inc. in October, 2003 with a final balance of $15.76. There has been no further mention of bank accounts by the Plaintiffs since the filing of the Complaint.

The Complaint also noted that the Debtor failed to disclose "interests in various corporations and/or other businesses..." Again, in his Amended Statement of Financial Affairs the Debtor added "Home Inspections of the Suncoast, Inc." to Paragraph 18. The Plaintiffs attached this corporate information for Home Inspections of the Suncoast, Inc. as an exhibit to the response to summary judgment, but there have been no other allegations of failure to disclose corporate or business interests. It is obvious from the Debtor's testimony at the Section 341 meeting that there was some confusion about whether to disclose this corporation as he believed, "...it was just the beginning of the year that [it] was incorporated." (Transcript, page 82, lines 5–7.)

The Plaintiffs have not brought to the Court's attention any matter with reference to the last allegation in Counts V and VI of the Complaint, "other issues expected to be found or confirmed during discovery."

At the close of the second session of the Section 341 meeting, on March 12, 2004, the representative from the Office of the U.S. Trustee asked whether the Debtor was going to amend his "schedules to ... reflect some of these items that we've been talking about in these meeting that have not been included?" (Transcript, page 81, lines 12–15.) The Debtor filed an amendment to his Statement of Affairs and appeared to fully disclose transfers and other information as specifically discussed at the Section 341 meeting. *See Barnett Bank of Pasco County v. Decker (In re Decker)*, 105 B.R. 79, 83 (Bankr.M.D.Fla.1989). It does not appear that the Debtor was hiding assets. In fact, the Chapter 7 Trustee hired an appraiser to inventory the Debtor's assets and then compromised the controversy with the Debtor as to his non-exempt assets for a payment of $2,000.

The Debtor has disclosed the details of the transfers that were the basis of the original complaint in both his 341 meeting and on an amended Statement of Financial Affairs. There has been no specific allegation or issue of fact brought forth by the Plaintiffs with regard to Count VI (§ 727(a)(4)(D)) that the Debtor has refused to turn over any documents to the Chapter 7 Trustee. In the Transcript of the Debtor's Section 341 meeting there is a discussion of the documents requested by the Chapter 7 Trustee to be provided before the continuation of the meeting (Page 57–58); at the continuation of the Section 341 meeting the Chapter 7 Trustee states that counsel for the Debtor has "provided me with...quite a number of documents." (Page 60, lines 15–17.) Other than Count VI, as pled in the complaint, there has been no further discussion of this basis for denial of the Debtor's discharge.

### Conclusion

It is appropriate to grant the Defendant's Motion for Summary Judgment on

both of the remaining counts of the complaint. Although some of the disclosures by the Debtor on the original Statement of Financial Affairs appear minimal, the transcript of the Debtor's testimony at the Section 341 meeting(s) and Amended Statement of Financial Affairs show the Debtor has disclosed in detail various assets and transfers to the Chapter 7 Trustee—both assets contained in Plaintiffs' complaint and assets that were not brought up at the Section 341 meetings (such as the sale of a mutual fund and stock). With regard to the assets set forth in the Plaintiffs' complaint, all were disclosed in the Amended Statement of Financial Affairs or explained at the Section 341 meeting. Further, it does not appear that the Debtor has withheld any recorded information from an officer of the estate entitled to possession of such information.

Accordingly, it appears that there is no genuine issue as to any material fact, and that the Defendant's Motion for Summary Judgment should be granted.

Therefore:

**IT IS ORDERED** that

1. The Defendant's Motion for Summary Judgment is granted.

2. A separate Final Judgment will be entered in favor of the Defendant and against the Plaintiffs on the remaining two counts of the complaint.