In re: Albert Carl MAIER, Debtor.

Steele Matheny, t/a Steele Construction Co., Plaintiff,

v.

Albert Carl Maier, Defendant.

Case No.: 3:12–bk–283–JAF
Adv. Pro. No.: 3:12–ap–688–JAF

United States Bankruptcy
Court, M.D. Florida
**Jacksonville Division**

Filed 02/08/2013

Lance Paul Cohen, Counsel for Plaintiff.

Wendell Firmer, Counsel for Defendant.

### Chapter 7

#### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

JERRY A. FUNK, United States Bankruptcy Judge

This proceeding is before the Court on the Debtor, Albert Carl Maier's ("Defendant"), Motion to Dismiss the Complaint Objecting to Discharge (Doc. 5, the "Motion to Dismiss"; *see also* Doc. 1, the "Complaint"). Plaintiff, Steele Matheny, t/a Steele Construction Co. (the "Plaintiff"), filed a response in opposition to the Motion to Dismiss (Doc. 6). For the reasons set forth herein, the Motion to Dismiss is granted in part and denied in part.

#### Background

The following facts are alleged in the Complaint. Defendant filed a Chapter 13 petition on January 19, 2012 (the "Petition"), which was subsequently converted to a Chapter 7 case on July 25, 2012. Defendant is a professor at St. Johns River State College. He holds multiple degrees, including a Doctor of Medicine and a Juris Doctorate. Defendant's homestead is located in Palatka, Florida.

Prior to the date of the Petition, Defendant and his non-filing spouse, Gail Elizabeth Maier, were members of an entity known as The Faire Harbour Limited Partnership (the "Partnership"). On July 27, 2000, the Partnership purchased (and held title to) an office strip center (the "Commercial Property") in which Defendant operated a medical practice, Putnam Readicare, The initial purchase price of the

Commercial Property was approximately $112,500.00. On November 4, 2010, the Partnership was converted to The Faire Harbour Limited Liability Company (the "LLC"). Although Defendant's spouse, son, and daughter were named as members of the LLC in the Articles of Incorporation, Defendant's name was not included in the filing.

Defendant filed Schedules and a Statement of Financial Affairs on January 19, 2012. Defendant reviewed the Schedules before he signed the Schedules. The Schedules were signed under oath. In response to Question 18 of the Statement of Financial Affairs, Defendant disclosed that he held an interest in the Partnership during the six years preceding the filing of the Petition, In response to Question 10 of the Statement of Financial Affairs, Defendant declared that he had not transferred any interest in property in the previous two years.[1] Likewise, Defendant failed to disclose in Schedule B any business interest or stock in either the LLC or the Partnership. No further mention of either the LLC or the Partnership was made in the bankruptcy petition.

On February 24, 2011, the Commercial Property was sold by the LLC for $429,000.00. At the time of the sale, the approximate mortgage balance related to the Commercial Property was $115,000.00.[2] Subsequently, on April 4, 2012, a satisfaction of the Commercial Property's mortgage was recorded in the public records of Putnam County, Florida. Ten days later, on April 14, 2012, the bank holding the Defendant's homestead mortgage recorded a satisfaction of the Defendant's homestead mortgage. At his 341 meeting of creditors. Defendant testified that he used a portion of the money realized from the sale of the Commercial Property to pay off his homestead mortgage.

On October 29, 2012, Plaintiff commenced the instant adversary proceeding objecting to Defendant's discharge under section 727 of the Bankruptcy Code,[3] In Count I of the Complaint, Plaintiff alleges Defendant knowingly and fraudulently made false oaths in both the bankruptcy schedules and in the Statement of Financial Affairs. In addition, Plaintiff claims Defendant provided false testimony to the trustee while under oath at the 341 meeting. In Count II, Plaintiff alleges Defendant concealed, destroyed, mutilated, and/or falsified recorded information. Count III alleges Defendant fraudulently transferred non-exempt property (*i.e.*, cash proceeds from the sale of the Commercial Property) into exempt property (his homestead) with the intent to hinder, delay, or defraud creditors.

For his part, Defendant maintains the Complaint should be dismissed for lack of standing or, in the alternative, due to Plaintiff's failure to plead sufficient facts to state a cause of action.

### Discussion

### I. Motion to Dismiss Standard

A motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint and asks the court to determine whether the complaint sets forth sufficient factual allegations to establish a claim for relief. When evaluating whether a plaintiff has

---

1. The Partnership was converted to the LLC a little over one year prior to the Petition Date.

2. Based on the proceeds from the sale, Plaintiff alleges the value of Defendant's interest in Partnership and/or the Commercial Property was approximately $150,000.00.

3. Unless otherwise indicated, all references to the "Bankruptcy Code" or "Code" are to 11 U.S.C. § 101 *et seq.*, and all references to a "Bankruptcy Rule" or "Rule" are to the Federal Rules of Bankruptcy Procedure.

stated a claim, a court must determine whether the complaint satisfies Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" FED.R.CIV.P. 8(a)(2). To survive a Rule 12(b) motion, the complaint must contain enough factual matter (taken as true) to "raise [the] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[N]aked assertions devoid of further factual enhancement" will not satisfy Rule 8(a)(2)'s requirement of a short plain statement of the claim showing the pleader is entitled to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955) (internal quotations omitted). A "formulaic recitation of the elements of a cause of action will not do." *Id.*

Thus, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that defendant is liable for the conduct alleged." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. A mere possibility the defendant acted in contravention to the law will not suffice. *Id.* Although a court must accept all well pleaded facts as true, it is not required to accept legal conclusions, *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1260 (11th Cir.2009). A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 129 S.Ct. at 1949.

## II. Standing

■ In the Motion to Dismiss, Defendant asserts Plaintiff lacks standing to bring an adversary proceeding objecting to his discharge. Pursuant to section 727(c)(1) of the Bankruptcy Code, creditors have standing to object to the discharge of a debtor. Specifically, "[t]he trustee, a creditor, or the United States Trustee may object to the granting of a discharge . . . ." 11 U.S.C. § 727(c)(1). Defendant argues that Plaintiff merely claims to be a creditor without indicating how or when his claim arose (Doc. 5 at 4). Defendant contends the Court must first determine whether the claim is an allowed claim under section 502(b)(1) of the Code prior to permitting Plaintiff to proceed on the Complaint.

■ The term "creditor" is clearly defined in the Bankruptcy Code as "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). Any such creditor maintains his or her claim, and the classification of a creditor, until such time as an asserted claim is disallowed. *See Adams Farms v. James (In re James),* 166 B.R. 181, 183 (Bankr.M.D.Fla.2003). Consequently, a creditor possessing a claim (even a disputed claim or a claim that has been objected to) has standing to bring an adversary proceeding objecting to discharge, until such time as the claim is disallowed. *See Cadleway Props., Inc. v. Andrews,* 239 F.3d 708, 710 (5th Cir.2001).

In this case, Plaintiff pleaded in the Complaint that he "is a creditor of Maier [Defendant] and as such has standing to bring this action." (Doc. 1 at 1). Plaintiff also filed a timely proof of claim on February 14, 2012.

At this stage of the proceedings, Plaintiff maintains his status as a creditor because the subject claim has yet to be adjudicated. As a Chapter 13 debtor, Defendant filed an objection to Plaintiff's claim, which was set for hearing. At the hearing, upon the request of the parties, the Court continued the objection until further order of the Court or request of either party. Subsequently, the case was converted to a Chapter 7 bankrupt-

cy. Although there have been attempts by the trustee and the Plaintiff to reach a compromise with respect to the claim, no final determination has been made as to whether the claim shall be allowed or disallowed.

Alternatively, Defendant cites *In re Whittaker*, 177 B.R. 360, 364 (Bankr. N.D.Fla.1994), for the proposition that his debt to Plaintiff is unenforceable because the statute of limitations has elapsed. *Whittaker*, however, is inapposite. In *Whittaker*, the statute of limitations was at issue in an evidentiary hearing to determine the validity of the plaintiff's claim. As noted above, there has been no evidentiary hearing on this matter and the claim has not been adjudicated. Based on the foregoing, the Court finds Plaintiff is a creditor who has standing to pursue the instant adversary proceeding.

### III. Sufficiency of the Pleadings

Counts I, II, and III of the Complaint assert Defendant should be denied a discharge for violating Bankruptcy Code sections 727(a)(4), 727(a)(3), and 727(a)(2), respectively. In the Motion to Dismiss, Defendant maintains the Complaint alleges fraud and dishonest conduct by way of conclusory assertions that lack sufficient particularity to raise the claim for relief above the speculative level (Doc. 5). As a consequence, Defendant avers Plaintiff's pleading fails to meet the *Twombly* plausibility standard, and must therefore be dismissed. For the reasons that follow, the Court is not persuaded,

#### a. *False Oath*

Count I of the Complaint seeks to deny Defendant's discharge pursuant to section 727(a)(4)(A) of the Bankruptcy Code, by claiming Defendant knowingly and fraudulently made a false oath and gave false testimony (Doc. 1 at 4–7). Plaintiff relies on the inconsistency between Defendant's

Petition and the public record, which reveals a transfer of Defendant's interest in the Partnership to the LLC. Plaintiff claims the Defendant used this business transfer as a means by which to conceal a payment made to him from the sale of the Commercial Property, with the payment eventually being used to pay off the Defendant's homestead mortgage.

 Rule 9(b), made applicable by Rule 7009 of the Federal Rules of Bankruptcy Procedure, requires a party alleging fraud to state with particularity the circumstances constituting fraud. FED. R.CIV.P. 9(b); FED. R. BANKR.P. 7009. Malice, intent, knowledge, and other conditions of a person's subjective intent, however, "may be alleged generally." FED. R.CIV.P. 9(b).

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997)). Such requirements, however, "must not abrogate the concept of notice pleading." *Id.* A complaint is sufficient if it provides the defendant notice of the specific misconduct alleged so that the defendant may formulate a defense. *CHEP USA v. Fleming Cos., Inc. (In re Fleming Cos., Inc.)*, 319 B.R. 359, 362 (Bankr.D.Del.2005).

Section 727(a)(4) of the Code provides:

[T]he court shall grant the debtor a discharge, unless—

(4) the debtor knowing and fraudulently, or in connection with the case—

(A) made a false oath or account; . . . .

11 U.S.C. § 727(a)(4).

 A debtor may be denied a discharge under section 727(a)(4) when the debtor makes a knowing and fraudulent false oath, and that the false oath relates to a material fact. *O'Reilly v. Dupree (In re Dupree)*, 336 B.R. 498, 502 (Bankr. M.D.Fla.2005). "A false statement is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." *Chalik v. Moorefield*, 748 F.2d 616, 618 (11th Cir.1984).

 In this case, Plaintiff pleaded specific facts that, if true, could prove a false oath was made or that false testimony was provided. By way of example, in the Complaint, Plaintiff sets forth: (1) Defendant owned and transferred an interest in the Partnership within two years prior to filing the Petition; (2) Defendant failed to disclose the transfer of his interest on his Schedules; (3) Defendant denied to the trustee owning any businesses or corporations, other than an entity named Putnam Readicare, in the three years prior to the date of the Petition; and (4) Defendant's failure to disclose information regarding the transfer of his interest in the Partnership effectively concealed approximately $150,000.00 in assets that could have been used for the benefit of creditors (Doc. 1).[4]

The Court finds the information set forth in the Complaint, *supra*, is sufficient to place Defendant on notice of the claim(s) being asserted against him. In addition the factual allegations contained in the Complaint are not mere conclusory statements, but are factual assertions that set forth the circumstances surrounding the alleged fraud. Such factual assertions are material to the disposition of Defendant's property, and raise the claim for relief above the speculative level. Therefore, the Court finds Plaintiff has pleaded the minimum circumstances necessary to state a claim objecting to the Defendant's discharge pursuant to section 727(a)(4)(A). As a result, the Motion to Dismiss Count I is denied.

b. *Failure to Keep, Preserve, or Maintain Recorded Information*

Count II of the Complaint seeks to deny Defendant's discharge pursuant to section 727(a)(3) of the Bankruptcy Code (Doc, 1 at 6). Specifically, Plaintiff contends Defendant failed to keep, preserve, or maintain recorded information necessary to ascertain Defendant's financial condition. Plaintiff maintains Defendant failed to keep records to document the source of funds utilized to pay off his homestead mortgage. As set forth below, the Court finds Count II is due to be dismissed without prejudice to the filing of an amended complaint.

 Section 727(a)(3) claims do not sound in fraud and therefore need not be pleaded with particularity. *Migoscha, S.A. v. Meffert (In re Meffert)*, 232 B.R. 71, 75 (Bankr.S.D.N.Y.1998). This does not mean, however, that Rule 8(b)'s notice pleading requirements are met merely by parroting the statutory language. *Id.* A plaintiff must provide specific facts such

---

**4.** Plaintiff additionally claims dishonesty on the part of Defendant by: (1) falsely classifying debts as primarily business debts when they are in fact consumer debts; (2) failing to list transfers in the ordinary course of business; and (3) failing to disclose payment(s) on his homestead mortgage.

that a defendant is put on notice of the exact recorded information he or she has failed to keep, preserve, or maintain. *Neiman v. Irmen (In re Irmen)*, 379 B.R. 299, 311 (Bankr.N.D.Ill.2007).

The purpose of 727(a)(3) is to give the trustee and creditors a clear enough representation of the debtor's business affairs to test the veracity of the petition and trace material business transactions. *Meridian Bank v. Alien*, 958 F.2d 1226, 1232 (3d Cir.1992). "Thus, in order to state a prima facie case under section 727(a)(3), a creditor objecting to the discharge must show (1) the debtor failed to maintain and preserve adequate records, and (2) such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." *Id.* at 1230. A plaintiff, however, must request such records and the defendant must fail to produce them. *See Irmen*, 379 B.R. at 310–11.

Plaintiff alleges in Count II that Defendant testified to paying a portion of his homestead mortgage with cash received from the sale of the Commercial Property owned by the LLC. Plaintiff, however, fails to assert that he requested any documentary evidence regarding the payment on the homestead mortgage, or that Defendant failed to comply with any particular request for information. Plaintiff merely parrots the statutory language without stating which records could not be obtained from the Defendant. Consequently, Count II fails to allege specific facts to put Defendant on notice of the precise claim(s) being asserted against him. Accordingly, Count II of the Complaint will be dismissed without prejudice to filing an amended complaint.

### c. Transfer of Non–Exempt Cash into Exempt Homestead Property

Count III of the Complaint is brought pursuant to Section 727(a)(2)(A) of the Bankruptcy Code, requesting denial of Defendant's discharge for the fraudulent conversion of non-exempt assets to exempt assets within one year before the date of the filing of the Petition. Specifically, Plaintiff contends Defendant used non-exempt assets he received from the sale of the Commercial Property to pay off his homestead mortgage. For the reasons that follow, the Court finds the allegations in Count II are pleaded with sufficient particularity to state a claim for relief under section 727(a)(2)(A).

Section 727(a)(2)(A) creates a cause of action for transferring or concealing property of the debtor with the intent to hinder, delay, or defraud creditors. Additionally, the more stringent pleading requirements of Rule (9)(b) must be met in this instance. In order to prevail on a section 727(a)(2)(A) claim, a plaintiff is required to prove: (1) a transfer occurred; (2) the property transferred was property of the estate; (3) the transfer occurred within one year of the petition; and (4) at the time of the transfer, the debtor possessed the requisite intent to hinder, delay, or defraud creditor(s). *Kriseman v. Ingersoll (In re Ingersoll)*, 106 B.R. 287, 292 (Bankr. M.D.Fla.1989). Further, fraudulent intent may be imputed to a debtor where the debtor has omitted assets from the bankruptcy schedules, or failed to make a full disclosure of his or her financial affairs. *Friedman v. Sofro (In re Sofro)*, 110 B.R. 989, 991 (Bankr.S.D.Fla.1990).

Here, Plaintiff has sufficiently pleaded a claim under section 727(a)(2)(A). As previously noted, Plaintiff alleged Defendant knowingly and fraudulently made false oaths and omissions regarding his interest in both the Partnership and the LLC. Plaintiff also alleges that in July 2000 the Partnership acquired an interest in the Commercial Property, worth approximately $112,000.00. Plaintiff asserts that on

February 24, 2011, the Commercial Property was sold by the LLC for $429,000.00. Subsequent to the sale of the Commercial Property, and within one year of the filing of the Petition, the Defendant's homestead mortgage was allegedly satisfied. Additionally, it is asserted that the Defendant testified to paying a portion of his homestead mortgage with proceeds received from the sale of the Commercial Property.

These facts are sufficient to state a claim for denial of discharge under section 727(a)(2)(A). Defendant's Motion to Dismiss Count III of the Complaint is therefore denied.

### *Conclusion*

Based on the foregoing, it is **ORDERED**;

1. Defendant's Motion to Dismiss the Complaint (Doc. 5) is granted in part and denied in part.

2. Counts I and III of the Complaint are not dismissed.

3. Count II of the Complaint is dismissed without prejudice to Plaintiff filing an amended complaint within fourteen (14) days of the date of this Order.